261 N.J. Super. 82 (1992)
617 A.2d 1234
MERYL FEINSOD, PLAINTIFF-APPELLANT,
v.
JANEEN H. NOON, DEFENDANT-RESPONDENT,
v.
BRASS PENNY RESTAURANT, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 9, 1992.
Decided December 18, 1992.
Before Judges LONG, D'ANNUNZIO and KEEFE.
Rand, Algeier, Tosti & Woodruff, attorneys for appellant (Kathryn J. Kingree, on the brief).
Farabaugh, Frieland, Smith & Hillmann, attorneys for respondent (Margaret M. Mitchell, of counsel and on the brief).
The opinion of the court was delivered by D'ANNUNZIO, J.A.D.
*83 This is an automobile personal injury negligence action arising out of an incident occurring on May 9, 1989. Plaintiff filed her first complaint on June 7, 1989. On October 19, 1990, the complaint was dismissed without prejudice, under R. 4:23-5(a)(1) for failure to answer interrogatories. Thereafter, and in accordance with the procedure under R. 4:23-5(a)(2), the complaint was dismissed with prejudice on February 13, 1991.
On May 6, 1991, three days before expiration of the two-year statute of limitations, plaintiff filed her second complaint alleging the same cause of action. Plaintiff now appeals from an order entered December 20, 1991, dismissing the second action. The court ordered dismissal of the second action because it concluded that dismissal of the first action with prejudice "acts as an adjudication on the merits, and prohibits filing of a complaint asserting the very same cause of action." We agree and affirm.
R. 4:23-5(a) was substantially revised by amendment in 1990. The amended rule was the fruit of our Supreme Court's concern, expressed in Aujero v. Cirelli, 110 N.J. 566, 542 A.2d 465 (1988), regarding "the continuing and exacerbated problem of late answers to interrogatories, the uneven response of the trial courts in dealing with late answers and the increasing ineffectiveness of the sanction provisions of this rule to achieve a significant improvement." Pressler, Current N.J. Court Rules, Comment 3 on R. 4:23-5 (1993).
The amended rule authorizes dismissal of a complaint without prejudice if the party moved against has not answered interrogatories. R. 4:23-5(a)(1). The dismissal may be vacated on the delinquent party's motion once fully responsive answers to the interrogatories have been served and a financial penalty paid to the Superior Court clerk.
If, however, the order of dismissal without prejudice is not vacated within ninety days, the party entitled to the interrogatory *84 answers may move for an order of dismissal with prejudice. R. 4:23-5(a)(2). That is what happened in this case.
A dismissal with prejudice "constitutes an adjudication on the merits as fully and completely as if the order had been entered after a trial." Velasquez v. Franz, 123 N.J. 498, 507, 589 A.2d 143 (1991); see Christiansen v. Christiansen, 46 N.J. Super. 101, 109, 134 A.2d 14 (App.Div. 1957), certif. denied, 25 N.J. 56, 134 A.2d 833; see also Lawlor v. National Screen Serv. Corp., 349 U.S. 322, 327, 75 Sup.Ct. 865, 868, 99 L.Ed. 1122, 1127 (1955) (stating that dismissal of complaint with prejudice after settlement bars subsequent suit on same cause of action against same parties); Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir.1972) (holding that voluntary withdrawal of suit resulting in "dismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial" and "res judicata bars relitigation of the claims dismissed in the prior suit").
The cases cited by plaintiff, such as Zaccardi v. Becker, 88 N.J. 245, 440 A.2d 1329 (1982) and Schlosser v. Kragen, 111 N.J. Super. 337, 268 A.2d 321 (Law Div. 1970), are not applicable because they predate the 1990 amendment of R. 4:23-5.[1]
The scheme of amended R. 4:23-5(a) is to attract the delinquent party's attention by the dismissal without prejudice accompanied by the threat of a final disposition of the cause of action through a dismissal with prejudice if responsive answers to interrogatories are not served within the allotted ninety day period. Barring relitigation of the cause of action dismissed with prejudice is consistent with that scheme. See 1990 Report of the Committee on Civil Practice, 125 N.J.L.J. Index Page 421 (1990) (quoted extensively in Pressler, Current N.J. Court Rules, Comment 3 to R. 4:23-5 (1993)). A litigant may not *85 defeat this scheme by refiling a complaint alleging the same cause of action. It would appear that a litigant's only recourse after entry of an order of dismissal with prejudice, other than a direct appeal, would be a motion under R. 4:50-1 to set aside the dismissal order.
Affirmed.
NOTES
[1] Indeed, Zaccardi noted that a new complaint was not barred "[s]ince the order in Zaccardi I did not explicitly specify that it was with prejudice." 88 N.J. at 254, 440 A.2d 1329.