272 N.J. Super. 248 (1994)
639 A.2d 750
MERYL FEINSOD, PLAINTIFF-APPELLANT,
v.
JANEEN H. NOON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 22, 1994.
Decided April 14, 1994.
*250 Before Judges MICHELS and SKILLMAN.
Kathryn J. Kingree argued the cause for appellant (Rand, Algeier, Tosti & Woodruff, attorneys; Robert B. Woodruff, of counsel; Ms. Kingree, on the brief).
Margaret M. Mitchell argued the cause for respondent (Farabaugh, Frieland & Smith, attorneys; Ms. Mitchell, of counsel and on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
Plaintiff filed this suit on June 7, 1989 for personal injuries she allegedly suffered when her automobile collided with an automobile operated by defendant. Defendant served interrogatories upon plaintiff on October 5, 1989. After plaintiff failed to answer these interrogatories despite follow-up letters from defendant's attorneys dated December 7, 1989, January 8, 1990 and February 14, 1990, as well as a May 4, 1990 telephone call to plaintiff's attorney requesting such answers, defendant moved pursuant to Rule 4:23-5(a)(1) to dismiss plaintiff's complaint without prejudice. The trial court granted defendant's motion on October 19, 1990. After another three-and-a-half months elapsed without plaintiff answering defendant's interrogatories, defendant moved pursuant to Rule 4:23-5(a)(2) to dismiss plaintiff's complaint with prejudice. The trial court granted this motion on February 13, 1991.
Plaintiff did not move for relief under Rule 4:50 or appeal at that time. Instead, she filed a new complaint based on the same cause of action. The trial court dismissed the second complaint on the ground that it was barred by the dismissal with prejudice of the original complaint. We affirmed this dismissal. Feinsod v. Noon, 261 N.J. Super. 82, 617 A.2d 1234 (App.Div. 1992). We concluded our opinion by noting that "[i]t would appear that a *251 litigant's only recourse after entry of an order of dismissal with prejudice [under Rule 4:23-5(a)(2)], other than a direct appeal, would be a motion under R. 4:50-1 to set aside the dismissal order." Id. at 85, 617 A.2d 1234.
Shortly after our opinion was rendered, plaintiff filed a motion under Rule 4:50 to vacate the dismissal of her complaint. Before the return date of this motion, plaintiff provided answers to the interrogatories propounded upon her almost three-and-a-half years earlier. The trial court denied plaintiff's motion in an oral opinion, concluding that plaintiff had failed to demonstrate grounds for relief under Rule 4:50.
Plaintiff argues that the trial court was required to vacate the dismissal of her complaint because the proceedings resulting in that dismissal failed to comply with the procedural requirements of Rule 4:23-5(a)(2). Specifically, plaintiff contends that the trial court failed to require her attorney to comply with the part of Rule 4:23-5(a)(2) which provides:
The attorney for the delinquent party shall, not later than 5 days prior to the return date of the motion, file and serve an affidavit stating that the client has been notified of the pendency of the motion or that the attorney is unable, despite diligent inquiry, to determine the client's whereabouts.... [T]he attorney's appearance on the return date of the motion shall be mandatory.
Plaintiff relies upon our comment in Zimmerman v. United Servs. Auto. Ass'n, 260 N.J. Super. 368, 376-77, 616 A.2d 957 (App.Div. 1992), that "achievement of the salutary scheme of [this] revised rule requires meticulous attention to its critical prescriptions, and particularly to those provisions which are intended to afford a measure of protection to the party who is faced with the ultimate litigation disaster of termination of his cause."
However, nothing in Rule 4:23-5(a)(2) or Zimmerman suggests that a plaintiff is automatically entitled to vacation of an order of dismissal simply because the trial court or the plaintiff's own attorney failed to comply with all the procedural requirements of Rule 4:23-5(a)(2). To the contrary, we indicated in our prior opinion that plaintiff must satisfy the requirements of Rule 4:50 to be entitled to such relief. Feinsod v. Noon, supra, 261 *252 N.J. Super. at 85, 617 A.2d 1234. Rule 4:50 does not entitle a party to an order vacating a judgment merely upon a showing that there was some error in the proceedings resulting in the entry of the judgment. Rosa v. Araujo, 260 N.J. Super. 458, 462-63, 616 A.2d 1328 (App.Div. 1992), certif. denied, 133 N.J. 434, 627 A.2d 1140 (1993); Last v. Audubon Park Assocs., 227 N.J. Super. 602, 606-08, 548 A.2d 236 (App.Div. 1988), certif. denied, 114 N.J. 491, 555 A.2d 613 (1989); see Hodgson v. Applegate, 31 N.J. 29, 36, 155 A.2d 97 (1959). Rather, "[r]ule 4:50-1 provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." Baumann v. Marinaro, 95 N.J. 380, 393, 471 A.2d 395 (1984). Indeed when, as in this case, an application is made more than a year after entry of judgment pursuant to Rule 4:50-1(f), "relief is available only when truly exceptional circumstances are present." Id. at 395, 471 A.2d 395.
Plaintiff failed to show such truly exceptional circumstances. Plaintiff did not allege that she was prejudiced by the trial court's failure to compel her attorney to comply with the client notification and court appearance requirements of Rule 4:23-5(a)(2). The primary purpose of these requirements is to protect a client from a delinquent attorney who has failed to attend to litigation responsibilities. However, plaintiff's motion to vacate the dismissal did not suggest either that her attorney had been delinquent or that she was unaware of defendant's motions to dismiss. Rather, plaintiff's counsel indicated at the oral argument on the motion to vacate that plaintiff could not answer defendant's interrogatories because she failed to obtain the medical examination required to support her claim:
They're kind of back to nature type people and the doctors that we recommended apparently she wasn't comfortable with. She was interested in sort of a  medicine person ... but she never really pursued that.
....
We had suggested several doctors and she did not see them. She finally  recently she told us that the problems have resolved. She doesn't really claim any permanent injuries anymore. So, the reason the interrogatories were not answered is because we could never really say what her specific problems were.
*253 Consequently, there is no reason to believe that the outcome of defendant's motion to dismiss would have been different if the trial court had required plaintiff's attorney to comply fully with the requirements of Rule 4:23-5(a)(2). Under these circumstances, the court correctly concluded that there was no basis for relief under Rule 4:50.
Affirmed.