821 A.2d 1167

ALEXIS LEON, AN INFANT; FRANCISCO LEON, AN INFANT; BELTA LEON, AS GUARDIAN AD LITEM, AND BELTA LEON, INDIVIDUALLY, PLAINTIFFS–APPELLANTS, v. PARTHIV REALTY CO., INC., DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted March 31, 2003—Decided May 7, 2003.

Before Judges BRAITHWAITE, LINTNER and PARKER.

*Paul Fernandez & Associates,* attorneys for appellants (*Paul Fernandez,* of counsel and on the brief).

*Methfessel & Werbel,* attorneys for respondent (*Edward Thornton,* on the brief).

The opinion of the court was delivered by

PARKER, J.A.D.

This is an appeal from an order dismissing the complaint with prejudice for failure to answer interrogatories. We affirm.

Plaintiffs' counsel first contacted defense counsel on October 11, 1994, claiming that his infant clients were injured from lead paint used on the premises leased by plaintiffs' family and owned by defendant. Defendant turned the matter over to an independent insurance adjuster for investigation and on December 19, 1994, the independent adjuster contacted plaintiffs' counsel requesting documentation of the alleged injuries. Notwithstanding counsel's 1994 representation of plaintiffs, the complaint was not filed until August 18, 1999. Thereafter, defendant served interrogatories which plaintiffs failed to answer. Plaintiffs never objected to the interrogatories or sought an extension of time to answer them.

Defendant's motion to dismiss without prejudice was granted on March 17, 2000. Plaintiffs failed to respond to that motion. More than a year later, on April 12, 2001, defendant's motion to dismiss with prejudice was granted. Again, plaintiffs failed to respond to the motion and the order was entered on April 16.

A week after the April 12, 2001 motion, plaintiffs' counsel wrote to the trial judge requesting that the motion be carried because he finally had the answers to interrogatories. Plaintiffs' counsel copied defense counsel on this letter and represented that defense counsel consented to the request. Defense counsel denied that allegation. Notwithstanding his representation that he had the answers, plaintiffs' counsel did not serve them on defense counsel until May 21, 2001.

Plaintiffs' motion to vacate the order of dismissal was denied on June 22, 2001. Rather than appeal that order, however, plaintiffs moved again to vacate the order of dismissal and that motion was

argued on April 19, 2002, a full year after the dismissal with prejudice. At oral argument on that motion plaintiffs' counsel claimed that his clients had gone to Mexico and that is why he was unable to obtain the information to answer the interrogatories. He acknowledged, however, that, "[T]his particular file fell through the cracks." He could not explain why the case was dismissed twice without his responding to defendant's motions. Nevertheless, he argued that the claim was valid and should be reinstated.

After hearing the arguments, Judge Dumont recited the procedural history and was not persuaded that the matter should be reinstated, particularly since plaintiff had not responded to any of the prior motions. We agree.

*R.* 4:23–5 sets forth the consequences for failure to respond timely to discovery demands. The party seeking discovery must first move for dismissal without prejudice, after which the delinquent party may move to vacate the dismissal. *R.* 4:23–5(a)(1). Ninety days after the dismissal without prejudice, the party seeking the discovery may move for dismissal with prejudice. *R.* 4:23–5(a)(2).

Plaintiffs' counsel argued before us that the rule was not satisfied because his appearance on the motion to dismiss with prejudice was "mandatory" and he did not appear or submit an affidavit regarding his clients' whereabouts. We disagree. "[N]othing in *R.* 4:23–5(a)(2) . . . suggests that a plaintiff is automatically entitled to a vacation of an order of dismissal simply because the trial court or plaintiff's own attorney failed to comply with all the procedural requirements." *Feinsod v. Noon,* 272 *N.J.Super.* 248, 251, 639 *A.*2d 750 (App.Div.1994). If we allowed counsel's non-appearance on the return date of the motion to frustrate the intent of the rule, there would be no means by which the rule could be enforced. Moreover, the motion to dismiss with prejudice "*shall* be granted unless fully responsive answers *have been* served by the time of the return date or . . . extraordinary circumstances are demonstrated." Pressler, *Current N.J. Court*

*Rules,* comment 4:23–5[3] (2003) (emphasis added). Plaintiffs' counsel did not serve the answers until more than a month after the return date for the motion to dismiss with prejudice and he failed to demonstrate any extraordinary circumstances.

Affirmed.