33 A.3d 1247 (2012)
423 N.J. Super. 528
A & M FARM & GARDEN CENTER, Plaintiff-Appellant,
v.
AMERICAN SPRINKLER MECHANICAL, L.L.C., its agents, servants and/or employees, Defendants-Respondents.
Docket No. A-2921-10T1
Superior Court of New Jersey, Appellate Division.
Argued December 6, 2011.
Decided January 17, 2012.
*1249 Arnold C. Lakind argued the cause for appellant (Szaferman, Lakind, Blumstein & Blader, P.C., attorneys; Michael R. Paglione and Michael D. Brottman, Lawrenceville, on the briefs).
Joseph A. Gallo, Florham Park, argued the cause for respondent (Wilson, Elser, Moskowitz, Edelman & Dicker L.L.P., attorneys; Mr. Gallo, of counsel and on the brief; Brendan P. McCarthy, on the brief).
Before Judges MESSANO, YANNOTTI and ESPINOSA.
The opinion of the court was delivered by
ESPINOSA, J.A.D.
Plaintiff, A & M Farm & Garden Center (A & M), appeals from orders that dismissed its complaint with prejudice and denied its motion to vacate the order. *1250 Rule 4:23-5(a)(3), which governs the dismissal or suppression of pleadings with prejudice for failure to provide discovery, requires a motion judge to take action to obtain compliance with the requirements of the rule. Despite obvious breaches of the rule's requirements, the motion judge here granted an unopposed motion to dismiss plaintiff's complaint with prejudice without taking any action to secure compliance. Under the facts of this case, we conclude that it was an abuse of discretion to enter the order of dismissal with prejudice and, consequently, it was error to deny the motion to vacate that order and reinstate the complaint.
A & M filed a complaint on May 14, 2009, against defendant American Sprinkler Mechanical, L.L.C. (American Sprinkler), and several fictitious parties, alleging it had suffered damages as a result of the improper installation of a fire suppression system. In its complaint, A & M demanded that American Sprinkler provide answers to Uniform Form C and Form C(2) Interrogatories. Pressler and Verniero, Current N.J. Court Rules, Appendix II (2012). After obtaining A & M's consent to an extension of the time to answer, defendant filed an answer and served plaintiff with interrogatories and a notice to produce documents in February 2010.
The initial discovery end date was July 5, 2010. The parties later stipulated to the extension of the discovery period for sixty days to September 3, 2010.
Neither party provided timely discovery responses. In April 2010, defendant's counsel spoke with plaintiff's counsel and requested A & M's discovery responses. On May 18, 2010, American Sprinkler served its answers to interrogatories and also filed a motion to dismiss plaintiff's complaint without prejudice for failure to provide discovery. A & M did not file any opposition to the motion. An order was entered, dismissing the complaint without prejudice, on June 11, 2010.
Plaintiff's counsel advised A & M of the entry of the order and its consequences. Yet, in the sixty days that followed, plaintiff did not provide responses to the discovery demands or move to vacate the dismissal. Defendant filed a motion to dismiss the complaint with prejudice on August 30, 2010.
It is now undisputed that defendant's motion was duly served, receipt having been acknowledged by a receptionist at plaintiff's counsel's law firm. However, no opposition was filed to the motion. Despite the requirements of Rule 4:23-5(a)(2), no affidavit was filed by counsel for plaintiff and no attorney appeared on behalf of plaintiff on the return date. The order dismissing the complaint with prejudice was entered on September 17, 2010, with the notation that the motion was unopposed. No reasons were set forth on the order or on the record in support of the dismissal with prejudice.
On October 13, 2010, plaintiff served answers to interrogatories and responses to the notice to produce documents. Plaintiff also filed a motion to vacate the order that dismissed the complaint with prejudice and reinstate the complaint. Although defendant filed opposition, it was misfiled by the court. Unaware that opposition had been filed, the motion judge granted plaintiff's motion as unopposed. Upon discovering this error, the motion judge communicated with counsel and, after learning that defendant continued to oppose the relief sought, re-scheduled the motion for December 17, 2010.
At oral argument, plaintiff's counsel acknowledged that the motion to dismiss with prejudice had been received at his office but stated the motion had not been forwarded to his attention. The motion judge termed the failure an administrative *1251 error and denied the motion to reinstate, stating:
Plaintiff has failed to show extraordinary circumstances in the matter and has failed to demonstrate entitlement in that injustice would result from the denial of the motion to vacate the dismissal.
In its appeal from the order dismissing the complaint with prejudice and the denial of its motion to vacate that order and reinstate its complaint, plaintiff argues that the court erred in failing to ensure compliance with the procedural requirements of Rule 4:23-5.
The decision to deny a motion to reinstate a complaint dismissed for failure to provide discovery lies within the discretion of the motion judge. St. James AME Dev. Corp. v. City of Jersey City, 403 N.J.Super. 480, 484, 959 A.2d 274 (App.Div.2008); Cooper v. Consol. Rail Corp., 391 N.J.Super. 17, 22, 916 A.2d 1061 (App.Div.2007). We agree with the motion judge that an intra-office failure to forward a motion to counsel does not constitute "extraordinary circumstances." However, we conclude that, under the circumstances here, it was an abuse of discretion to dismiss the complaint with prejudice and that the order denying the motion to vacate that order and reinstate the complaint must be reversed.
It is well-established that the main objective of the two-tier sanction process in Rule 4:23-5 is to compel discovery responses rather than to dismiss the case. See Sullivan v. Coverings & Installation, Inc., 403 N.J.Super. 86, 96, 957 A.2d 216 (App.Div.2008); Pressler and Verniero, supra, comment 1.1 on R. 4:23-5(a). To this end, Rule 4:23-5 imposes certain obligations upon the attorney for the delinquent party that are explicitly designed to ensure that a party whose pleadings are subject to dismissal is aware of the delinquency and of the consequences of failing to cure such deficiency. See id., comment 1.2 to R. 4:23-5(a)(1). The first obligation is triggered when the attorney for the delinquent party is served with an order of dismissal or suppression without prejudice. Rule 4:23-5(a)(1) states in pertinent part:
[C]ounsel for the delinquent party shall forthwith serve a copy of the order on the client by regular and certified mail, return receipt requested, accompanied by a notice in the form prescribed by Appendix II-A of these rules, specifically explaining the consequences of failure to comply with the discovery obligation and to file and serve a timely motion to restore.
Additional obligations are triggered by a motion to dismiss or suppress with prejudice:

The attorney for the delinquent party shall, not later than 7 days prior to the return date of the motion, file and serve an affidavit reciting that the client was previously served as required by subparagraph (a)(1) and has been served with an additional notification, in the form prescribed by Appendix II-B, of the pendency of the motion to dismiss or suppress with prejudice. In lieu thereof, the attorney for the delinquent party may certify that despite diligent inquiry, which shall be detailed in the affidavit, the client's whereabouts have not been able to be determined and such service on the client was therefore not made. If the delinquent party is appearing pro se, the moving party shall attach to the motion a similar affidavit of service of the order and notices or, in lieu thereof, a certification as to why service was not made. Appearance on the return date of the motion shall be mandatory for the attorney for the delinquent party or the delinquent pro se party.
[R. 4:23-5(a)(2) (emphasis added).]
*1252 The rule thus imposes two additional obligations upon the attorney for the delinquent party when a motion to dismiss with prejudice has been filed: (1) to inform the court no later than seven days prior to the return date that the client has been duly informed of the motion and its consequences or, in the alternative, to certify that the client could not be so informed because his or her whereabouts could not be determined; and (2) to appear in court on the return date of the motion. Each of these requirements performs the valuable function of establishing a record for the benefit of court and counsel that a party has had requisite notice. Neither was met here.
In Zimmerman v. United Servs. Auto. Ass'n, 260 N.J.Super. 368, 376-77, 616 A.2d 957 (App.Div.1992), we noted that "achievement of the salutary scheme of [Rule 4:23-5] requires meticulous attention to its critical prescriptions, and particularly to those provisions which are intended to afford a measure of protection to the party who is faced with the ultimate litigation disaster of termination of his cause." See also Klajman v. Fair Lawn Estates, 292 N.J.Super. 54, 60, 678 A.2d 289 (App. Div.1996). Citing the need for such "meticulous attention," plaintiff argues that Rule 4:23-5(a)(3) obligated the trial court to take action to ensure compliance with the requirements of the rule and the failure to do so provides grounds for reversal. Defendant urges us to reject plaintiff's argument, relying in part upon Feinsod v. Noon, 272 N.J.Super. 248, 639 A.2d 750 (App.Div.), certif. denied, 137 N.J. 314, 645 A.2d 142 (1994), in which we stated:
[N]othing in Rule 4:23-5(a)(2) or Zimmerman suggests that a plaintiff is automatically entitled to vacation of an order of dismissal simply because the trial court or the plaintiff's own attorney failed to comply with all the procedural requirements of Rule 4:23-5(a)(2).
[Id. at 251, 639 A.2d 750.]
We adhere to the principle that a plaintiff is not "automatically entitled" to relief merely because there has been some failure to comply with all the procedural requirements of the rule. In Leon v. Parthiv Realty Co., Inc., 360 N.J.Super. 153, 155, 821 A.2d 1167 (App.Div.2003), we affirmed the denial of relief to plaintiffs who, like the plaintiff here, failed to respond to the motions to dismiss the complaint without and with prejudice, and whose attorney failed to satisfy the requirements of filing an affidavit or appearing on the return date. Relying upon the language in Feinsod quoted above, we stated, "If we allowed counsel's non-appearance on the return date of the motion to frustrate the intent of the rule, there would be no means by which the rule could be enforced." Ibid.
We agree that neither party nor counsel may be permitted to frustrate the intent of the rule by failing to comply with the rule's requirements. However, such a failure does not render the court powerless to enforce the rule. We note that Feinsod was decided before the rule was amended "to provide explicitly that the court shall, unless exceptional circumstances are demonstrated, take whatever appropriate action may be necessary to obtain compliance with the requirements of the rule[.]" Notice to the Bar, 151 N.J.L.J. 695 (1998). Effective September 1, 1998, Rule 4:23-5(a)(3) imposed the following obligation upon the motion judge:
If the attorney for the delinquent party fails to timely serve the client with the original order of dismissal or suppression without prejudice, fails to file and serve the affidavit and the notifications required by this rule, or fails to appear on the return date of the motion to dismiss or suppress with prejudice, the court shall, unless exceptional circumstances are demonstrated, proceed by order to show cause or take such *1253 other appropriate action as may be necessary to obtain compliance with the requirements of this rule.
[(Emphasis added).]
In our view, the rule continues to serve the interests of promoting compliance with discovery obligations, providing relief to the party whose discovery requests remain unsatisfied, and implementing the court's need to manage and expedite litigation. Although its recommendation did not find its way into the rule until the 1998 amendment, our Supreme Court suggested more than twenty years ago that "court-managed follow-up" of a dismissal without prejudice might "guarantee that we not have dismissals by neglect." Aujero v. Cirelli, 110 N.J. 566, 581, 542 A.2d 465 (1988). To require some action by the court when it is apparent that counsel has failed to comply with the affidavit or mandatory appearance requirements serves, rather than frustrates, the intent and letter of the rule.
Even before the rule was amended to require action by the court, our courts recognized the importance of requiring communication from counsel for the delinquent party to ensure the party has had appropriate notice of the sanction sought. See, e.g., Zimmerman, supra, 260 N.J.Super. at 376, 616 A.2d 957 ("[I]t is clear that if the client is afforded an opportunity to appear and if the attorney is mandated to appear, the motion is not subject to waiver of oral argument and consequent decision on the papers."); Suarez v. Sumitomo Chem. Co., 256 N.J.Super. 683, 688, 607 A.2d 1057 (Law Div.1991) ("[I]f on the return date of the `with prejudice' motion counsel fails to appear, or does so, but has failed to properly notice the client, the court must adjourn the motion to a date when a proper hearing may occur."). In a case decided before the 1998 amendment, we stated:
[A] motion for dismissal with prejudice requires the trial court to make an informed decision based upon a full record, and express its reasons for that decision before the case is dismissed.
[Klajman, supra, 292 N.J.Super. at 61, 678 A.2d 289 (emphasis added).]
The 1998 amendment was designed as a fail-safe measure to ensure that the ultimate sanction is not needlessly imposed. The requirement that the court take "appropriate action as may be necessary to obtain compliance" calls upon the court to exercise its inherent authority to make certain its decision to terminate the litigation is an informed one. That was not the case here.
The record presented to the motion judge revealed two failures to comply with the requirements of the rulethe failure to supply an affidavit and the failure to appear on the return dateand, perhaps more important, no evidence of compliance. It is undisputed that there were no exceptional circumstances here which relieved the court of any obligation to take action.[1] Yet, the record fails to disclose any action taken by the court to obtain compliance with the requirements of Rule 4:23-5. The court had no way of knowing that plaintiff had received the protections afforded by the rule and therefore could not make an informed decision to dismiss the complaint with prejudice. Some action was required before a dismissal with prejudice was ordered.
The precise nature of the action required by the rule is a matter within the discretion of the motion judge, giving due consideration to the circumstances of the case and the goal of the rule to compel *1254 discovery responses. The action "necessary to obtain compliance with the requirements of [the] rule" may be as simple as having a law clerk call the attorney for the delinquent party when the court has not received the affidavit required by Rule 4:23-5(a)(2) seven days prior to the return date. In other circumstances, the issuance of an order to show cause may be warranted.
The record here shows that minimal action by the court would have assured compliance with both the rule and plaintiff's discovery obligations. Plaintiff served discovery responses within two weeks of being served with the order dismissing the complaint with prejudice. In ruling on plaintiff's motion to vacate the order and reinstate the complaint, the motion judge acknowledged that, if the court had called plaintiff's counsel regarding the pending notion, he had no doubt counsel would have cured the deficiency prior to the return date. Under those circumstances, an order of dismissal with prejudice would not have been entered. See R. 4:23-5(a)(2); Adedoyin v. Arc of Morris Cnty., 325 N.J.Super. 173, 183, 738 A.2d 374 (App.Div.1999).
We therefore hold that, when a court considers a motion to dismiss or suppress a pleading with prejudice, and there is nothing before the court showing that a litigant has received notice of its exposure to the ultimate sanction, the court must take some action to obtain compliance with the requirements of the rule before entering an order of dismissal or suppression with prejudice. Further, the court must set forth what effort was made to secure compliance on the record or on the order.
Our holding is not designed to excuse the failures of lawyers and litigants to comply with the rules regarding discovery and, in particular, the requirements of Rule 4:23-5, or to shift the burden of compliance to the court. Counsel and client may not be permitted to use their own non-compliance to "frustrate the intent of the rule[.]" Leon, supra, 360 N.J.Super. at 155, 821 A.2d 1167. However, when as here, the circumstances do not provide the court with the basis for an informed decision as to whether the rights of the litigant have been adequately protected, the court must take some action to ensure that is the case.
We recognize that plaintiff failed to provide answers to interrogatories within sixty days despite having notice that a motion to dismiss the complaint with prejudice could be filed and would be granted if answers were not provided in the absence of exceptional circumstances. The failure to timely cure the delinquency or communicate with the court or counsel no doubt contributed to the entry of a dismissal with prejudice and to the ensuing litigation process. At least in this case, the lapses of lawyer and litigant may be adequately addressed by the imposition of other appropriate sanctions, such as attorney's fees and costs, if deemed appropriate by the trial court. See R. 4:23-5(a)(3).
The orders dismissing the complaint with prejudice and denying the motion to vacate are reversed. We remand to the trial court to determine whether sanctions or other conditions for reinstatement of the complaint should be imposed. We do not retain jurisdiction.
NOTES
[1] As a result, we need not consider what circumstances would be sufficient to excuse the court from taking action to obtain compliance.