> **NOT FOR PUBLICATION WITHOUT THE**
> **APPROVAL OF THE APPELLATE DIVISION**
>
> This opinion shall not "constitute precedent or be binding upon any court."
> Although it is posted on the internet, this opinion is binding only on the
> parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4471-15T1

TRACEY L. GIST,

    Plaintiff-Appellant,

v.

ALEXANDER BREZO and
ELIZABETH BREZO,

    Defendants-Respondents.

_____

Submitted September 25, 2017 – Decided October 16, 2017

Before Judges Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. L-4169-14.

The Simantov Law Firm, PC, attorneys for appellant (Joseph M. Simantov, on the brief).

Soriano, Henkel, Biehl & Matthews, PC, attorneys for respondents (Peter DeSalvo, Jr., on the brief).

PER CURIAM

Plaintiff Tracey L. Gist appeals from the denial of her R. 4:50-1 motion to set aside the order dismissing her personal injury complaint with prejudice pursuant to R. 4:23-5(a)(2).

Because we cannot find that plaintiff put forth competent evidence of excusable neglect or exceptionable circumstances justifying such relief, we affirm.

Plaintiff was involved in an accident on November 15, 2012, with a car driven by defendant Alexander Brezo and owned by defendant Elizabeth Brezo.  She filed her complaint against them on November 13, 2014.  When she failed to respond to defendants' request for executed medical authorizations in the form annexed and more specific answers to fourteen Form A and supplemental interrogatories and four categories of defendants' notice to produce, they moved to compel.  The motion went unopposed, and the court entered an order on September 4, 2015, compelling responses within fifteen days.

When plaintiff did not comply with the order, defendants moved to dismiss the action without prejudice pursuant to R. 4:23-5(a)(1).  Plaintiff did not oppose the motion, and the court entered an order dismissing her complaint without prejudice on October 23, 2015.

In her brief on appeal, plaintiff claims she supplied "original Answers to the Standard Form A Interrogatories, Supplemental Interrogatories and Notice to Produce to Defendant on or about December 17, 2015."  The document in her appendix to support that assertion, however, is a letter in a different case

2                                          A-4471-15T1

pending in another county involving the same plaintiff but a different defendant, directed to a different lawyer and law firm.

On December 30, 2015, plaintiff moved to reinstate the action. The motion was supported with a certification from plaintiff's counsel averring that he received on September 4, 2015, a September 2, 2015 order of dismissal for failure to provide outstanding discovery. He claimed defense counsel had already "received all outstanding discovery prior to the entry of [the] court's Order on September 4, 2015" and requested the case be "restored to the active calendar."

Defendants cross-moved to dismiss with prejudice. The motion was supported by defense counsel's certification, in which he claimed plaintiff had never produced the discovery ordered on September 4, and that sixty days had passed since the court dismissed the case without prejudice, entitling defendants to a dismissal with prejudice.

Plaintiff's counsel was not in court on the return date of the motions. He sent a per diem lawyer who expressed her understanding that all outstanding discovery had been provided and the delay had been caused by "some lack of communication from the plaintiff because she ended up having brain surgery in August, unrelated to the accident[,] and events that were

leading up to that surgery left her out of touch with her counsel and unable to — to recall certain events that would have been helpful in — providing responses to the discovery."

Defendants' counsel represented he was not provided the discovery the court ordered produced on September 4, prior to the entry of that order, as plaintiff's counsel certified in support of the motion to reinstate. He claimed he had only received responsive documents in the last day or so, well after the filing of the motion to reinstate and the cross-motion to dismiss with prejudice. Defense counsel further asserted he still had not received several categories of documents, including the declaration sheet for plaintiff's auto policy in force on the date of the accident, and thus did not know whether he was defending a verbal threshold case or the extent of plaintiff's PIP coverage.

On confirming per diem counsel had no first-hand knowledge of plaintiff's medical problems and how they affected her ability to assist her counsel with discovery, and satisfied that critical documents remained outstanding, the court granted defendants' motion to dismiss with prejudice.

Plaintiff did not take a direct appeal of that order entered January 22, 2016. Instead, she moved almost two months later to vacate the order pursuant to R. 4:50-1(a) or (f).

Plaintiff's counsel filed a certification in support of the motion claiming that on the return date of the January motions, defendants were "in possession of all the discovery materials in [his] possession, to which they were entitled," and the materials provided "amounted to full compliance with the Order entered by [the] court on September 4, 2016, for more specific answers/responses to discovery requests." Counsel repeated the representation made to the court by per diem counsel regarding plaintiff's medical problems and claimed that "clearly extraordinary circumstance impacted directly . . . upon our preparation of this case and ability to promptly respond to the Defendant's demands and the Order of September 4, 2015." Counsel maintained that "given that all outstanding discovery materials were in fact provided to the Defense prior to the date the Motions were heard," dismissal with prejudice would be unjust to plaintiff "making admonition and imposition of sanctions an appropriate remedy." Counsel did not attempt to detail the discovery produced in January and how it satisfied the September 4 order and made no reference to the missing declaration sheet.

Defendants opposed the R. 4:50 motion and the court heard oral argument. Plaintiff's counsel of record was again not present, and another per diem lawyer appeared on her behalf in

his stead. Plaintiff's lawyer rested on the papers and was unable to counter defense counsel's assertion that discovery remained outstanding. The judge, after engaging in a thorough review of the several discovery motions marking the history of the case, denied relief. The judge focused on the different contradictory certifications by plaintiff's absent counsel, who first averred he provided defense counsel with all outstanding discovery prior to the September 4 order and later was forced to tacitly concede he filed the motion to reinstate on December 30 without ever having provided defendants the documents he was ordered to produce on September 4.

Turning to plaintiff's counsel's averments that discovery was hampered by plaintiff's medical condition, the judge noted that difficulty, "which certainly would be something for the court to consider if anyone had provided a single piece of paper to support that position, rather than someone just alleging it," was not presented in an affidavit made on personal knowledge as required by R. 1:6-6. Relying on the competent evidence in the record, the judge found the arguments made on plaintiff's behalf did not provide grounds for relief under R. 4:50-1(a) or (f). He concluded that "[w]hat we have here is a lack of diligence on the part of the attorney, I'm satisfied, in failing to do his

job in properly representing his client.  Those are not exceptional circumstances."

The dismissal of a complaint with prejudice for failure to provide discovery, through apparently no fault of the plaintiff who suffers the sanction, is an obviously troubling circumstance for judges charged with administering the rules "to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."  R. 1:1-2.  It is particularly concerning here because plaintiff's counsel had by the return date on the motion to dismiss with prejudice, apparently finally provided defense counsel with many of the documents ordered produced more than four months before.

Had counsel of record appeared on the January return date, he may well have been able to argue that the court was presented, not with an all-out failure to comply with discovery, but with a bona fide dispute over the responsiveness of the discovery provided, compelling the court to review and adjudicate the discovery dispute under Zimmerman v. United Servs. Auto. Ass'n., 260 N.J. Super. 368, 377 (App. Div. 1992). Counsel did not appear, however, and the court was faced with defense counsel's representation that critical documents

remained outstanding and plaintiff's counsel's conflicting certifications as to what he had produced and when.

Counsel did not address and correct the problems on the R. 4:50 motion but instead relied on incompetent hearsay that might, if admissible, have explained the problems in September but did not address why discovery was still outstanding the following January. Even on appeal, counsel, who was also counsel of record in the trial court, has nowhere attempted to explain with reference to the September 4 order what he produced and how it satisfied the court's order. Given this record, we cannot find the trial court abused its discretion in refusing to find excusable neglect under R. 4:50-1(a) or the exceptional circumstances necessary to justify relief under R. 4:50-1(f). See US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 467 (2012); Feinsod v. Noon, 272 N.J. Super. 248, 252 (App. Div. 1994).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION