**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1222-18T2

LEGACY AT MOUNTAIN LAKES
CONDOMINIUM ASSOCIATION,
INC.,

     Plaintiff-Respondent,

v.

JOSEPH D. MECCIA,

     Defendant-Appellant.

_____

          Submitted December 18, 2019 – Decided January 24, 2020

          Before Judges Whipple and Gooden Brown.

          On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. DC-001952-18.

          Joseph D. Meccia, appellant pro se.

          Hill Wallack LLP, attorneys for respondent (Jonathan Katz, of counsel and on the brief).

PER CURIAM

Defendant Joseph Meccia appeals from a September 10, 2018 Law Division order, striking his answer with prejudice and entering default against him, and an October 17, 2018 order, denying his motion to vacate the default. We affirm.

We glean the following salient facts from the record. As the owner of a condominium unit located at 23 Park Place in Mountain Lakes, defendant is a member of plaintiff Legacy at Mountain Lakes Condominium Association, Inc., a condominium association established pursuant to the New Jersey Condominium Act, N.J.S.A. 46:8B-1 to -38. As a member, under the Association's Master Deed and By-Laws, defendant is obligated to

> contribute toward the expenses of the administration, maintenance, repair[,] and replacement of the common elements, . . . and the expenses of administering and maintaining the Association and all of its real and personal property in such amounts as are . . . found by the Association to be necessary. . . .
>
> [T]he amount of monies for common expenses deemed necessary by the Association's Board of Trustees . . . and the manner of expenditure thereof, shall be a matter for the sole discretion of the Board.

In February 2018, defendant failed to pay his common expense assessments and ignored plaintiff's demands for payment. As a result, on March

2

19, 2018, plaintiff filed a complaint in the Special Civil Part for $6098,[1] representing the delinquent assessments, late fees, attorneys' fees and costs. On April 30, 2018, acting pro se, defendant filed an answer and counterclaim for $3410, representing the amount defendant alleged he had been overcharged by plaintiff since 2011 for building maintenance expenses. Accompanying his answer, defendant filed a motion "to permit discovery." In his supporting certification, defendant explained that "[f]or years, [p]laintiff has refused to provide detail or answer questions as to what comprises monetary charges applied to [him]."

> Defendant demand[ed] that the [c]ourt order [p]laintiff to provide: identification of square footage for all units as well as allocation percentage for all unit owners of the association; budgets for all years of association existence, identification as to who prepared and approved each budget, and bills associated with budget items exclusively charged to residents of 23 Park Place, access to all other accounting and business records[.]

On May 15 and 16, 2018, plaintiff filed an answer to defendant's counterclaim and opposition to defendant's motion, respectively. Regarding the latter, plaintiff asserted "there [was] no reason for th[e] [c]ourt to enter an order permitting discovery" because "[p]ursuant to [Rule] 6:4-3, defendant has the

---

[1] We round all monetary amounts to the nearest dollar.

A-1222-18T2

right to conduct discovery . . . and [plaintiff would] respond to any properly served discovery requests within the time period allowed by the [r]ules of [c]ourt."[2] On June 18, 2018, the court denied defendant's motion for discovery and ordered defendant to "comply with court rules."

On June 26, 2018, plaintiff moved to strike defendant's answer without prejudice "for failure to provide discovery." In his supporting certification, plaintiff's counsel averred that plaintiff "served defendant with its [f]irst [s]et of [i]nterrogatories and a [f]irst [r]equest for [p]roduction of [d]ocuments" on May 16, 2018. When defendant failed to respond within the appropriate time frame, counsel advised defendant by letter that if the "responses were not forthcoming by June 25, 2018," a motion to strike would be filed. Counsel certified that "[d]espite demand," defendant failed to "produce[] the requested discovery[,]" and plaintiff was "not in default of any discovery obligation owed to defendant."

On July 6, 2018, defendant opposed the motion, certifying that he had "ignored" plaintiff's discovery request because he believed that "one must receive permission from the [c]ourt to conduct [d]iscovery." According to defendant, once he received the June 18, 2018 order denying his motion to

---

[2] Rule 6:4-3 delineates the modes of discovery available in the Special Civil Part without leave of court, including interrogatories and document production.

permit discovery, and realized that permission from the court was not required, he only had "[two] business days to provide a response to [p]laintiff[,]" which was "not possible" given "the volume of [p]laintiff's request," and defendant's personal responsibilities working two jobs and caring for his elderly, disabled father. Defendant offered to "provide responses piecemeal" and was open to "reach [an] agreement as to [a] completion date." Defendant also accused plaintiff of "stalling and delaying the[] proceedings," explaining that plaintiff was "fully aware that should th[e] motion be approved," it would only "result in [defendant] filing for reinstatement and the whole process restarting, causing more delays."

On the same date, July 6, 2018, defendant also moved to strike plaintiff's pleadings with prejudice "for failure to provide discovery." In support, defendant certified that while his motion to permit discovery had been denied, his "discovery request was clearly defined" in his moving papers and, "per [c]ourt [r]ules," was "valid" and "due on June 14, 2018." Plaintiff's counsel countered "defendant did not serve any discovery requests on [plaintiff] as required by the [c]ourt [r]ules."

On July 10, 2018, the court entered an order granting plaintiff's motion, and striking defendant's answer without prejudice. The order stated defendant

was "required to comply with the requirements of [Rule] 4:23-5 and [Rule] 6:4-6 in order to have his pleadings reinstated[.]" On July 20, 2018, the court entered another order denying defendant's motion to strike plaintiff's pleadings.

Over forty-five days later, on August 27, 2018, when defendant failed to provide discovery and failed to move for reinstatement, plaintiff moved to strike defendant's answer with prejudice. In a supporting certification, plaintiff's counsel averred that after the court entered the July 10, 2018 order striking defendant's answer without prejudice, "[a] true and correct copy of the [c]ourt's order . . . along with th[e] firm's transmittal letter . . . dated July 18, 2018, as well as a Notice to Pro Se Party pursuant to [Rule] 4:23-5(a)(1) and [Rule] 6:4-6(c)" were sent to defendant. According to counsel, "[d]espite demand, defendant has not produced the requested discovery or moved to reinstate his answer[,]" and plaintiff was "not in default of any discovery obligation owed to defendant."

On September 10, 2018, the court entered an order granting plaintiff's motion, striking defendant's answer with prejudice, and entering default against defendant. One day later, on September 11, 2018, defendant submitted his untimely opposition to plaintiff's motion, raising for the first time that plaintiff "ha[d] failed to comply with the Condominium Act" because it "provided no

A-1222-18T2

alternative dispute resolution [ADR] procedure" and its by-laws "provide[d] no [ADR] procedure for the resolution of housing-related disputes as required by the Condominium Act."  Defendant requested the court "deny [p]laintiff's motion and [c]ompel [p]laintiff to provide [ADR] to [d]efendant before commencing legal proceedings as required by law[,]" and correct the record to reflect that "[p]laintiff's motion was []opposed."

On October 3, 2018, defendant moved to vacate the default and "correct the record."  In his supporting certification, defendant asked the court to "reconsider its decision," or, in the alternative, "accept[] [his] response to [p]laintiff's motion" as filed in time, and correct the record accordingly. Defendant explained that the late filing was attributable to his personal responsibilities but made no mention of his failure to comply with plaintiff's discovery requests.  Plaintiff opposed the motion, certifying that "[t]o date, defendant has still not provided any response to [plaintiff's] discovery requests."

On October 17, 2018, the court entered an order denying defendant's motion.  The order explained that "defendant ha[d] not complied with discovery since May of 2018 and ha[d] failed to set forth any rationale for same." Additionally, "defendant ha[d] not complied with the dictates of [Rule] 4:23-5 as it pertains to his failure to make discovery."  On October 31, 2018, the court

granted plaintiff's unopposed motion for judgment, and entered default judgment against defendant for $8822, plus costs and interest. This appeal followed.

On appeal, defendant raises the following points for our consideration:

> I. TRIAL COURT ERRED BY NOT REQUIRING [ADR] AS REQUESTED BY DEFENDANT, MANDATED BY STATUTORY AND CASE LAW, AND ADMITTED TO BY PLAINTIFF.
>
> II. TRIAL COURT ERRED BY DENYING DEFENDANT DISCOVERY (NOT RAISED BELOW).
>
> III. TRIAL COURT ERRED BY PROVIDING PLAINTIFF UNJUST ENRICHMENT.
>
> IV. TRIAL COURT ABUSED ITS DISCRETION (NOT RAISED BELOW).
>
> V. TRIAL COURT ERRED BY DENYING DEFENDANT DUE PROCESS AND THE DEFAULT JUDGMENT SHOULD BE OVERTURNED (NOT RAISED BELOW).[3]

Our scope of review of a dismissal or suppression of pleadings with prejudice for failure to provide discovery is limited to whether the trial court abused its discretion. Abtrax Pharm., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499,

---

[3] We decline to consider the issues not presented to the trial court because they neither "go to the jurisdiction of the trial court [n]or concern matters of great public interest." Kvaerner Process, Inc. v. Barham-McBride Joint Venture, 368 N.J. Super. 190, 196 (App. Div. 2004) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

517 (1995). We will decline to interfere with the exercise of that discretion "unless it appears that an injustice has been done." St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008) (quoting Cooper v. Consol. Rail Corp., 391 N.J. Super. 17, 23 (App. Div. 2007)).

The well-settled purpose of Rule 4:23-5 is to elicit outstanding discovery "rather than to punish the offender . . . ." Zimmerman v. United Servs. Auto. Ass'n, 260 N.J. Super. 368, 374 (App. Div. 1992). To that end, to succeed on a motion to dismiss with prejudice under Rule 4:23-5 for failure to provide discovery, the moving party must strictly comply with the requirements of the rule, id. at 373, which "involves a two-step process[,]" Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 93 (App. Div. 2008).

In step one, "the aggrieved party may move for dismissal for non-compliance with discovery obligations" under paragraph (a)(1) of the rule, and "if the motion is granted, the [pleading] is [suppressed] without prejudice." Ibid. Rule 4:23-5(a)(1) dismissals expressly apply to non-compliance with discovery requests pursuant to Rule 4:17, pertaining to interrogatories, and Rule 4:18, pertaining to demands for documents.

> To ensure the delinquent party is aware of its derelictions and has the opportunity to correct them, the rule further provides that:

Upon being served with the order of dismissal or suppression without prejudice, counsel for the delinquent party shall forthwith serve a copy of the order on the client by regular and certified mail, return receipt requested, accompanied by a notice in the form prescribed by Appendix II-A of these rules, specifically explaining the consequences of failure to comply with the discovery obligation and to file and serve a timely motion to restore. If the delinquent party is appearing pro se, service of the order and notice hereby required shall be made by counsel for the moving party.

[Thabo v. Z Transp., 452 N.J. Super. 359, 369-70 (App. Div. 2017) (quoting R. 4:23-5(a)(1)).]

Thus, "[w]hen a party is appearing pro se, it is the responsibility of the attorney representing the moving party to ensure that the pro se litigant has been provided with service of the order and proper notice." Id. at 370.

In step two,

[i]f an order of . . . suppression without prejudice has been entered pursuant to paragraph (a)(1) of this rule and not thereafter vacated, the party entitled to the discovery may, after the expiration of [sixty] days from the date of the order, move on notice for an order of . . . suppression with prejudice. . . . The motion to . . . suppress with prejudice shall be granted unless a motion to vacate the previously entered order of . . . suppression without prejudice has been filed by the delinquent party and either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated.

10

[R. 4:23-5(a)(2).]

Pursuant to Rule 6:4-6, which applies "[t]he . . . Rule 4:23[]sanctions for failure to make discovery[] . . . to actions in the Special Civil Part," "the [sixty]-day period prescribed by [Rule] 4:23-5(a)(2) is reduced to [forty-five] days." R. 6:4-6(c).

In step two, as in step one, when the delinquent party is pro se, Rule 4:23-5(a)(2) requires the attorney for the moving party to "file and serve an affidavit reciting that the [delinquent pro se party] was previously served as required by subparagraph (a)(1) and has been served with an additional notification in the form prescribed by Appendix II-B, of the pendency of the motion to . . . suppress with prejudice[,]" or "file an affidavit explaining why service was not made." Thabo, 452 N.J. Super. at 371. Under the rule, while "[t]he moving party need not appear" unless "required to do so by the court[,]" "[a]ppearance on the return date of the motion shall be mandatory for the . . . delinquent pro se party." R. 4:23-5(a)(2).

"These procedural safeguards are intended to 'ensure that the defaulting litigant is aware . . . of [the] consequences'" of the order of suppression. Thabo, 452 N.J. Super. at 371 (quoting Pressler & Verniero, Current N.J. Court Rules, cmt. 1.2 on R. 4:23-5 (2020)). "Judges are entrusted to ensure that these rules

11

are properly and fairly enforced[,]" ibid., and "to take action to obtain compliance with the requirements of the rule." A & M Farm & Garden Ctr. v. Am. Sprinkler Mech. L.L.C., 423 N.J. Super. 528, 532 (App. Div. 2012).

Here, the record clearly shows that plaintiff's counsel adhered to the procedural requirements established in Rule 4:23-5. Notably, in step two of the two-step process, plaintiff's counsel filed the requisite affidavit, and provided defendant with the form letter, as prescribed by Appendix II-B, notifying defendant that if the "motion [was] granted," his "answer [would] be stricken and judgment by default may be entered against [him]." Further, the form letter advised defendant that his "appearance" was "mandatory[,]" and he would be "afforded the opportunity to explain any exceptional circumstances that may . . . preclude the [c]ourt from granting the relief requested."

Unfortunately, the court notice conflicted with plaintiff's counsel's notification and advised defendant that his appearance was not necessary because "no oral argument ha[d] been requested." "However, nothing in Rule 4:23-5(a)(2) . . . suggests that a [party] is automatically entitled to vacation of an order of [suppression] simply because the trial court . . . failed to comply with all the procedural requirements of Rule 4:23-5(a)(2)." Feinsod v. Noon, 272 N.J. Super. 248, 251 (App. Div. 1994). But see Thabo, 452 N.J. Super. at

369 (stressing Rule 4:23-5's "procedural requirements must be scrupulously followed and technically complied with."). Indeed, "[i]f we allowed [the defaulting litigant's] non-appearance on the return date of the motion to frustrate the intent of the rule, there would be no means by which the rule could be enforced." Leon v. Parthiv Realty Co., Inc., 360 N.J. Super. 153, 155 (App. Div. 2003).

We are satisfied the court did not abuse its discretion by striking defendant's answer with prejudice. Nothing in this record indicates defendant was unaware of the motion or its consequences, which is the primary purpose of Rule 4:23-5(a)(2)'s procedural requirements. Instead, defendant's opposition to plaintiff's motion, albeit untimely, demonstrates his awareness. Moreover, defendant never moved to reinstate his answer, failed to provide "fully responsive discovery" and failed to demonstrate "exceptional circumstances" as required under Rule 4:23-5(a)(2) to forestall an order of suppression with prejudice. Defendant simply continued to ignore plaintiff's duly served discovery requests, and never attempted to cure the discovery deficiency.

Pursuant to Rule 4:43-3, "the court may set aside an entry of default" for "good cause shown," and courts are obligated to liberally indulge applications for relief from defaults. See N.J. Div. of Youth & Family Servs. v. M.G., 427

13

N.J. Super. 154, 171 (App. Div. 2012). Like discovery motions, a <u>Rule</u> 4:43-3 motion is addressed to the sound discretion of the trial court, which should be guided by equitable principles in determining whether relief should be granted or denied. <u>See</u> <u>O'Connor v. Altus</u>, 67 N.J. 106, 129 (1975). In our review of the court's exercise of its discretion, we do not "decide whether the trial court took the wisest course, or even the better course, since to do so would merely be to substitute our judgment for that of the lower court. The question is only whether the trial judge pursued a manifestly unjust course." <u>Gittleman v. Cent. Jersey Bank & Tr. Co.</u>, 103 N.J. Super. 175, 179 (App. Div. 1967), <u>rev'd on other grounds</u>, 52 N.J. 503 (1968).

Applying this standard, we are satisfied the court did not err in denying defendant's motion to vacate the default. While defendant attributed his untimely opposition to plaintiff's <u>Rule</u> 4:23-5(a)(2) motion to his personal responsibilities, he made no mention of his failure to comply with plaintiff's discovery requests, which had been outstanding for approximately five months. Indeed, defendant gave no explanation for his non-compliance, nor any indication of an intention to correct the deficiency. Thus, the court properly determined defendant failed to show any cause, much less good cause, to justify vacating the default.

Defendant argues the court erred in denying his request for ADR.[4] However, as a defaulting party, defendant's participation in the litigation was severely limited. "Where the adversarial nature of the proceeding has been thwarted by a party's default, we strip away that party's rights to participate one by one so as not to prejudice the plaintiff and to punish the contumacious party." Jugan v. Pollen, 253 N.J. Super. 123, 134 (App. Div. 1992). To that end, "discretion is placed in the trial court concerning the extent of the sanctions to be visited upon a defendant whose default has been entered as a result of noncooperation in the discovery process." Id. at 133.

Here, we discern no abuse of discretion in the court's rejection of defendant's untimely ADR request. "Generally, should an appropriate party seek ADR under N.J.S.A. 46:8B-14(k) after suit is filed, absent some compelling circumstances, the trial judge should dismiss the matter without prejudice and require it be submitted for [ADR]." Rabinowitz, 390 N.J. Super. at 164. However, "there may certainly be instances in which the trial judge, in an

---

[4] Contrary to defendant's argument, "submission to ADR is not a prerequisite to suit, but once a suit is filed, the respondent in the action may seek to have the matter sent to ADR under the [Condominium Act]." Finderne Heights Condo. Ass'n v. Rabinowitz, 390 N.J. Super. 154, 163-64 (App. Div. 2007).

appropriate exercise of discretion, may refuse to . . . send it to alternate dispute resolution." Ibid. Such compelling circumstances obtain herein.

Defendant also argues "the court, in effect, denied [him] discovery" by denying his discovery motion "[forty-nine] days after the motion was filed and [eighteen] days after the expiration of [d]efendant's right to request discovery," and "[t]here is no stipulation in the court rules for the tolling of time with regards to discovery requests." On the contrary, pursuant to Rule 6:4-5, discovery

> shall be completed . . . within [ninety] days of the date of service of . . . defendant's answer, unless on motion and notice, and for good cause shown, an order is entered before the expiration of said period enlarging the time for such proceedings to a date specified in the order.

Based on the service of defendant's answer, the discovery end date was July 30, 2018, over ten days after the entry of the June 18, 2018 order denying defendant's discovery motion and ordering him to comply with court rules. Defendant made no attempt to comply with the court rules and made no application to extend the discovery end date.

Defendant suggests he did not serve or respond to discovery requests because he misunderstood the process. However, defendant's "status as a pro se litigant in no way relieves [him] of [his] obligation to comply with the court rules[.]" Venner v. Allstate, 306 N.J. Super. 106, 110 (App. Div. 1997). While

16                                                                      A-1222-18T2

"[l]itigants are free to represent themselves if they so choose, . . . in exercising that choice they must understand that they are required to follow accepted rules of procedure promulgated by the Supreme Court to guarantee an orderly process." Tuckey v. Harleysville Ins. Co., 236 N.J. Super. 221, 224 (App. Div. 1989). Indeed, "[p]rocedural rules are not abrogated or abridged by [a litigant's] pro se status." Rosenblum v. Borough of Closter, 285 N.J. Super. 230, 241 (App. Div. 1995).

We have considered defendant's remaining arguments in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1222-18T2