# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2575-19

T.M.A.,

     Plaintiff-Respondent,

v.

W.A.,

     Defendant-Appellant.

_____

        Submitted March 2, 2021 – Decided May 20, 2021

        Before Judges Gilson and Moynihan.

        On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-2484-18.

        W.A., appellant pro se.

        T.M.A., respondent pro se.

PER CURIAM

Defendant W.A.[1] appeals from the trial court's order granting plaintiff T.M.A.'s motion for final judgment by default and entering judgment against defendant. Because the trial judge failed to adhere to the procedural safeguards set forth in Rule 4:23-5 and comply with Rule 1:7-4(a) when entering judgment, we are constrained to reverse and remand.

Our decision, based on procedural grounds, requires a brief review of the pertinent history. Plaintiff filed a pro se civil complaint on October 11, 2018, alleging that years earlier defendant committed heinous sexual assaults of the then-seven-year-old plaintiff. After defendant—who was, and has been for the duration of this litigation, imprisoned on an unrelated federal child-pornography conviction—filed a timely answer, plaintiff served two sets of interrogatories.[2] Defendant failed to directly respond to the interrogatories, and on June 19, 2019, plaintiff filed a motion for entry of default under Rule 4:43-1. The trial court

---

[1] We use the parties' initials to protect plaintiff's privacy interests. See R. 1:38-3(c)(9).

[2] In his merits brief, plaintiff claims he sent the first set on March 6, 2019, and the second set on May 7, 2019. Both sets contained a certification of service, albeit not in full compliance with Rule 1:4-4(b), averring both sets were sent to defendant by certified mail: return receipt requested. We note the certification set forth in the first set denotes the mailing date as March 5, 2019. We also note plaintiff, in his motion for entry of default, claimed the first set was served on February 7, 2019. The discrepancies have no impact on our review.

entered an order on July 12, 2019, striking and suppressing defendant's answer and, although the parties both appeared pro se, ordered "that a copy of [the order be] served upon all attorneys or parties of record within seven . . . days."

On August 6, 2019, plaintiff's request to enter default—dated September 6, 2019—was received by the clerk's office.  Plaintiff moved for final judgment on September 5, 2019, appending a victim impact statement he delivered in connection with defendant's federal-court sentencing and contending defendant admitted during that case to "sexually abusing [plaintiff] as an infant . . . through age [eleven]"; plaintiff requested "$95,000 for pain and suffering."  The trial court considered the victim impact statement and, as set forth in the order, found plaintiff had "made a prima facie case of liability and damages for pain and suffering against [d]efendant"; it entered an order for judgment for the requested $95,000 on October 11, 2019.

Defendant contends he received the court's July 12, 2019 order striking his answer, together with the October 11, 2019 final judgment order, on October 31, 2019, and the August 6, 2019 entry of default on January 28, 2020, and received no other notices prior to the entry of the default judgment.  As evidence that he was unaware of plaintiff's motion practice and the court's concomitant

orders, he points to motions he filed on June 26, 2019,[3] for: the appointment of a guardian ad litem; entry of a protective order to preclude plaintiff from continuing with the discovery process; a stay until defendant was either released from prison or a guardian ad litem was appointed on his behalf; as well as his follow-up correspondence to the clerk of the court on July 22, 2019 and October 7, 2019 requesting assistance in researching the law pertaining to those motions. The trial court denied defendant's tripartite application on July 12, 2019—the same day it entered its order suppressing defendant's answer.

In November 2019, defendant filed three motions with the court. In one, captioned as a motion for rehearing or reconsideration pursuant to Rule 4:49-2, defendant averred the court's July 12, 2019 orders were "entered without prior notice of hearing to [d]efendant," and that "[t]he first notice [d]efendant received of [those orders] was on October 31, 2019." In another motion, captioned as a motion for a new trial pursuant to Rule 4:49-1, defendant averred the trial court's October 11, 2019 order of final judgment was entered "without prior notice of trial to [d]efendant, [the court] having struck [d]efendant's answer on July 12, 2019, without prior notice of hearing to [d]efendant"; defendant received, "for the first time," the court's July 12 and October 11 orders on October 31, 2019;

---

[3] The motion papers and cover letter to the clerk are dated May 15, 2019.

and the court did not consider any "medical records []or expert testimony" prior to awarding judgment to plaintiff. And, in a third motion captioned as a motion for rehearing, defendant averred the order for final judgment "was served on [d]efendant, by mail (USPS) through the [Bureau of Prisons] inmate mail system at [the federal prison in which defendant was housed], on October 31, 2019, at the afternoon regular mail call[,]" and that the order "contain[ed] no factual findings related to compensatory damages, neither medical records nor mental health records nor expert witness testimony nor any other mention of evidence of any damages supporting a $95,000 judgment."

The trial court issued a single order on January 28, 2020, denying defendant's "motions for a new trial pursuant to [Rule] 4:49-1 and motion for reconsideration of orders entered July 12, 2019[,]" supported by a written decision. By the time the order was issued, however, defendant had filed a notice of appeal from the October 11, 2019 order for judgment. That is the only order before us.[4]

---

[4] On February 24, 2020, defendant moved to file a notice of appeal as within time. We granted that motion on May 14, 2020, and instructed defendant to file an amended notice of appeal and case information statement to include the trial court's January 28, 2020 order; otherwise, defendant's appeal would only include the October 11, 2019 order. Defendant did not do so. Thus, the trial court's opinion included in defendant's appendix—as the only oral or written decision

Turning first to the entry of orders leading up to the final judgment order, we consider the two-step process required by Rule 4:23-5 when a party fails to make discovery.  The two-step process contains specific, technical requirements that must be met before the moving party may ask the trial court to suppress the delinquent party's pleading.  See Thabo v. Z Transportation, 452 N.J. Super. 359, 369 (App. Div. 2017).

A party who receives an adverse party's interrogatories generally has sixty days to serve his or her answers.  R. 4:17-4(b).  If timely service of interrogatory answers does not occur—thereby rendering "delinquent" the party who owes the answers—the party entitled to the delinquent party's answers may move under Rule 4:23-5 to dismiss or suppress the delinquent party's pleading—that is, dismiss the complaint of a delinquent plaintiff or suppress the answer of a delinquent defendant.  See R. 4:23-5(a).

Under the process's first step, plaintiff was required to first "move, on notice, for an order dismissing or suppressing the pleading of the delinquent party" without prejudice.  R. 4:23-5(a)(1); see Aujero v. Cirelli, 110 N.J. 566,

---

rendered by the trial court in this case—while helpful in laying out this case's procedural history and factual background, pertains to an order that was not properly appealed.

573-74 (1988) (applying this rule when delinquent party failed to answer moving party's interrogatories). Among the required submissions is the inclusion of "a representation of prior consultation with or notice to opposing counsel or pro se party as required by R[ule] 1:6-2(c)." R. 4:23-5(a)(3). If the motion is granted, the rule provides:

> Upon being served with the order of dismissal or suppression without prejudice, counsel for the delinquent party shall forthwith serve a copy of the order on the client by regular and certified mail, return receipt requested, accompanied by a notice in the form prescribed by Appendix II-A of these rules, specifically explaining the consequences of failure to comply with the discovery obligation and to file and serve a timely motion to restore.
>
> [R. 4:23-5(a)(1).]

If the delinquent party is pro se, "service of the order and notice . . . required shall be made by counsel for the moving party." Ibid. The movant may proceed to step two only after sixty days following the entry of the suppression order has elapsed. R. 4:23-5(a)(2).

After the sixty-day period, if the suppression order entered under step one has not been vacated, the movant may move, again on notice, to suppress the delinquent party's pleading with prejudice. Ibid. The rule requires the movant to submit an affidavit setting forth full compliance with step one, including

service of the order and required notice. Ibid. "Appearance on the return date of the motion shall be mandatory for the attorney for the delinquent party or the delinquent pro se party." Ibid.

The rule's safeguards "perform[] the valuable function of establishing a record for the benefit of court and counsel that a party had had requisite notice." A & M Farm & Garden Ctr. v. Am. Sprinkler Mech., L.L.C., 423 N.J. Super. 528, 535 (App. Div. 2012). The procedural requirements of Rule 4:23-5 "must be scrupulously followed and technically complied with." Thabo, 452 N.J. Super. at 369. A trial court must ensure that "meticulous attention" is paid to these requirements before striking a party's pleadings with prejudice. See Zimmerman v. United Servs. Auto. Ass'n, 260 N.J. Super. 368, 376-77 (App. Div. 1992).

The principle underlying that duty favors resolution of cases on their merits rather than on procedural technicalities. St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008). It is thus preferable to compel interrogatory responses from a delinquent party than it is to suppress the delinquent party's pleading and effectively end the case altogether. A & M Farm & Garden Ctr., 423 N.J. Super. at 534. Suppression of a pleading is the "ultimate sanction," and "should be imposed only sparingly" in

A-2575-19

instances "where no lesser sanction will suffice to erase the prejudice suffered by the [moving] party," or where "the actions of the [delinquent] party show a deliberate and contumacious disregard of the court's authority." Georgis v. Scarpa, 226 N.J. Super. 244, 250-51 (App. Div. 1988).

Although we typically accord a reasonable amount of discretion to a trial court, particularly when the trial court addresses issues related to discovery, Wilson v. Amerada Hess Corp., 168 N.J. 236, 253 (2001), we will reverse when the "court's findings went so wide of the mark that a mistake must have been made," N.J. Div. of Youth & Fam. Servs. v. M.M., 189 N.J. 261, 279 (2007) (citations and internal quotation marks omitted). We, however, owe no special deference to a trial court's conclusions of law, which we review de novo. See Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

The trial court did not adhere to Rule 4:23-5's two-step process. Foremost, it entered the July 12, 2019 order suppressing defendant's answer based on plaintiff's motion for entry of default pursuant to Rule 4:43-1, not under Rule 4:23-5, and it did so without any indication if it was with or without prejudice. And, as it did with all motions except the last, the trial court did not set forth its reasoning. See Klajman v. Fair Lawn Ests., 292 N.J. Super. 54, 61 (App. Div. 1996) (holding that trial court must provide reasons when dismissing with

prejudice); see also R. 1:7-4(a). We are, therefore, unaware if and how the court found plaintiff had fully complied with the rule, why the order was entered without compliance to the two-step process and why the court imposed the ultimate sanction of dismissal. That the dismissal led to entry of default and a default judgment signals the dismissal was with prejudice, bypassing the entire first step.

We further note plaintiff's motion was filed on June 19, 2019 and the order suppressing the answer was entered July 12, 2019. Even if the motion was deemed filed under Rule 4:23-5(a)(1) instead of Rule 4:43-1, defendant was never given sixty days to cure as required by Rule 4:23-5(a)(2).

We recognize defendant was incarcerated in a federal prison and his physical appearance in court, as required by Rule 4:23-5(a)(2), was problematic. But we do not see that any effort was made by the court to establish a video or telephonic conference to, at the very least, ensure defendant was noticed and to determine why he had not complied with discovery requests. We previously held

> when a court considers a motion to dismiss or suppress a pleading with prejudice, and there is nothing before the court showing that a litigant has received notice of its exposure to the ultimate sanction, the court must take some action to obtain compliance with the requirements of the rule before entering an order of

A-2575-19

> dismissal or suppression with prejudice. Further, the court must set forth what effort was made to secure compliance on the record or on the order.
>
> [A&M Farm, 423 N.J. Super. at 539.]

We do not know if every required notice was sent to or received by defendant. It was incumbent upon the court to ensure strict adherence to the rule's requirements before suppressing the answer. Whether defendant can afford counsel, as claimed by plaintiff, is not the issue. We realize following the strict procedures required by the rule is more difficult where an attorney is not involved on either side. See Thabo, 452 N.J. Super. at 370 ("When a party is appearing pro se, it is the responsibility of the attorney representing the moving party to ensure that the pro se litigant has been provided with service of the order [without prejudice] and proper notice [under step one of the two-step process]."); see also R. 4:23-5(a)(1) ("If the delinquent party is appearing pro se, service of the order and notice hereby required shall be made by counsel for the moving party."); R. 4:23-5(a)(2) ("If the delinquent party is appearing pro se, the moving party shall attach to the motion a similar affidavit of service of the order and notices or, in lieu thereof, a certification as to why service was not made."). But the trial court abused its discretion in suppressing defendant's

11

answer without ensuring the procedural requirements were met. As such, default and default judgment were improvidently granted.

We were not provided with a transcript of a proof hearing that led to the entry of the final judgment. As such, we are unaware if such a proceeding took place. As stated, the trial court did not set forth its findings supporting the award of $95,000 to plaintiff as required by Rule 1:7-4(a). The court's order simply recites that it considered the victim impact statement, which provided:

> [Defendant] is a predator, a hunter of small vulnerable children, and while you have and I have zeroed down on this, have saved additional children from harm's way, there would have been additional victims. My story is one that if it took place today would make national headlines. Thank you, Agent Cobb, to you and all your colleagues that protect us not only from criminals such as this, but for all the important work that you do each and every day protecting America and her citizens[.] With both my parents working, they sentenced me to go to your home after school each and every day, a home right next door to my own, and be molested and raped on almost a daily basis while your mother, my own grandmother, would conveniently not find out or by leaving me alone with you. I know now she was your enabling accomplice[.] On a daily basis I was having to look at your sick collection in print form and on your [eight]-millimeter projector and all along I was being told that I was loved, and that you performed sex acts upon me and taught me how to perform sex acts on you because I was loved. Again, this was almost on a daily basis for years. For years I would have to each day find new routes to walk home from school because I would be subjected to daily beatings from all the

neighborhood boys. I was paying the price because you were molesting them all in the neighborhood. I would like to remind the Court that in the convicted felon's own statement [defendant] admitted to raping two boys in New York, there were dozens, and I got the beatings for that. I would endure punches and kicks when they would tell me this is for big boner [defendant]. I was beaten at my home and beaten at the Catholic school because of my dysfunction and beaten at home after school at your apartment, and then I was raped by you. When I finally did tell my mother, your lover, she said, yeah, I know about that.

We are cognizant the allegations involve depraved acts inflicted upon a child, and we do not determine that those acts, if proven, did not result in pain and suffering. But it is the trial judge's obligation to set forth its findings as to the evidence of both liability and damages. That did not occur here.

We are compelled to reverse and vacate all three orders—suppressing defendant's answer, entering default, and order for judgment—and remand this case for further proceedings. We note the sole certified mail, return receipt card provided by plaintiff, ostensibly when he served his motion for default judgment, appears to be signed by someone at the prison other than defendant. We do not expect that mail is delivered directly to defendant. Thus, the trial court should implement a procedure to confirm that defendant is receiving all required notices and is able to participate in court proceedings. Video or telephonic links were used to allow defendant participation even before the

13

employment of links required during the COVID-19 pandemic.  We leave the

exact mechanism for open communication to the trial court.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2575-19