**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3386-16T2

M.V.,

      Plaintiff-Appellant,

v.

CLARA MAASS MEDICAL CENTER,

      Defendant-Respondent,

and

JULES P. NOGOY, a/k/a NEIL D.
NOGOY, and ROSLYN DILIGARD,
Nurse Manager,

      Defendants.

_____

> Argued September 26, 2018 – Decided November 7, 2018
>
> Before Judges Alvarez and Nugent.
>
> On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7844-14.
>
> Michael N. Beukas argued the cause for appellant (Davis, Saperstein & Salomon, PC, attorneys; Michael N. Beukas, of counsel; Luis L. Haquia, on the brief).

Catherine J. Flynn argued the cause for respondent (DeCotiis, FitzPatrick, Cole & Giblin, LLP, attorneys; Catherine J. Flynn, of counsel; Stefanie L. Rokosz, on the brief).

PER CURIAM

Plaintiff appeals from an order that dismissed her complaint with prejudice for failure to make discovery and from an order that dismissed her motion for reconsideration. Sexually assaulted by a Clara Maass Medical Center ("CMMC" or "Medical Center") employee while a patient in the Medical Center, plaintiff filed a civil action against CMMC, the assailant, and another employee. Following numerous discovery extensions and completion of virtually all discovery, the trial court granted CMMC's motion to dismiss plaintiff's complaint with prejudice pursuant to Rule 4:23-5(a)(2) for failure to produce documents. The court granted the motion even though the discovery CMMC demanded either had been provided or was no longer in plaintiff's possession. Significantly, the court granted the motion under the authority of Rule 4:23-5 without attempting to determine whether the rule's procedural safeguards had been followed. For that reason, as well as the reasons that follow, we reverse, vacate the dismissal orders, and remand for further proceedings.

Plaintiff filed a complaint against defendants in November, 2014. She alleged that on the morning of December 6, 2012, while a patient in CMMC, its

2

employee, Jules P. Nogoy, entered her room and sexually assaulted her.  She also alleged CMMC was liable for her injuries based on theories of agency, negligent hiring, and negligent supervision.

Defendant, CMMC, and its Nurse Manager, Roslyn Diligard, filed and served an answer in February 2015.  Discovery began on February 8, 2015 and was scheduled to end on December 15, 2015.  The parties obtained numerous extensions and discovery ended on December 11, 2016.

In late June 2016, CMMC served plaintiff with a demand to produce documents.  The pleading demanded production of nine items.  The first item was a demand for photographs of the hospital room at CMMC where plaintiff was attacked.  Plaintiff had apparently testified at her deposition that she took the photographs on an "old cellular telephone" shortly after the sexual assault.  The remaining eight items concerned various "inventories" and data utilized by plaintiff's psychology expert.  The materials were referenced in a report the expert wrote in November 2014.

When plaintiff did not timely respond to CMMC's document demand, CMMC filed a motion to compel plaintiff to produce the documents. The motion was unopposed, and the court granted it.  The order required plaintiff to respond by October 10, 2016.  She did not do so.

3

Plaintiff later filed a motion to extend the time to serve a liability expert report. CMMC filed a "cross-motion" to dismiss the complaint without prejudice due to plaintiff's failure to provide the photographs and medical information CMMC had demanded. The court denied plaintiff's motion and granted CMMC's cross-motion. Thereafter, CMMC filed a motion pursuant to Rule 4:23-5(a)(2) to dismiss the complaint with prejudice.

The motion was heard on January 20, 2017. The day before, plaintiff's counsel wrote to the court and explained that in view of previous mutual cooperation, he was surprised when defense counsel refused to withdraw the motion or carry it for two weeks to permit him to oppose it. Counsel explained, "it took my office a long time to obtain the [medical] information from [the doctor] but we did receive it and faxed it to [CMMC's counsel] with a request to withdraw her motion." Plaintiff's counsel further explained that the only outstanding item was CMMC's demand for photographs from plaintiff's old cell phone. He explained that plaintiff did not have the old cell phone and his attempts to contact family members to locate it had been unsuccessful. Plaintiff's counsel offered to continue to search for the cell phone or to supply sworn affidavits from family members detailing their efforts to locate it.

CMMC's counsel had written to the court and noted plaintiff's request that CMMC withdraw its motion. Counsel informed the court, "[t]his office cannot consent to such requests as [p]laintiff is not in compliance with the Rules of Court and has not fully responded to the subject Notice to Produce."

During oral argument, plaintiff's counsel explained that the delay in responding to CMMC's Notice to Produce, at least with respect to the medical information, was occasioned by the expert's initial refusal to produce it. Counsel further explained that when he eventually prevailed upon the doctor to release the information, he forwarded it to CMMC's attorney. Plaintiff's counsel informed the court the only outstanding item was the demand for cell phone photographs. Plaintiff did not have the cell phone. She may have given it to her husband or children. Plaintiff's counsel represented he had been in touch with all of them and asked them to make thorough searches, but no one found the phone.

CMMC's attorney did not dispute she had received most of the information, but claimed there was one medical item she had not received. Plaintiff's counsel responded he had provided everything the doctor had sent to him.

A-3386-16T2

In a short opinion delivered from the bench, the court granted CMMC's motion. Although acknowledging a dismissal with prejudice was a drastic measure and should be applied sparingly, the court nonetheless granted the motion, because plaintiff had not moved to reinstate the complaint, had not supplied all outstanding discovery, and had not demonstrated extraordinary circumstances. The trial court did not attempt to determine whether plaintiff's attorney had complied with the procedural safeguards set forth in the rule under which the court dismissed the complaint with prejudice.

On appeal, plaintiff argues the court erred by dismissing the complaint after she had supplied complete discovery and demonstrated exceptional circumstances for the delay in providing that discovery. She notes the court failed to comply with the procedural requirements of Rule 4:23-5(a)(2). She also argues the court erred by denying her motion for reconsideration.

CMMC responds that because plaintiff failed to comply with the Rules of Court and provide complete discovery in response to its Notice to Produce, the court did not abuse its discretion. CMMC cites plaintiff's letter to the court – explaining that the cell phone could not be found – as evidence that discovery

remained outstanding. CMMC also points to its representation at oral argument that one medical item had not been provided.[1]

We begin our analysis with the Supreme Court's admonition that because dismissal with prejudice is "the ultimate sanction," it should be imposed "only sparingly" and "normally . . . ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party." Robertet Flavors, Inc. v. Tri-Form Const. Inc., 203 N.J. 252, 274 (2010) (quoting Zaccardi v. Becker, 88 N.J. 245, 253 (1982)). Rule 4:23-5, which authorizes a court to dismiss a complaint with prejudice, includes safeguards against an unwarranted dismissal with prejudice. The rule provides in pertinent part:

> (a) Dismissal.
>
> (1) Without Prejudice. If a demand for discovery pursuant to R. 4:17, R. 4:18, or R. 4:19 is not complied with and no timely motion for an extension or a protective order has been made, the party entitled to discovery may . . . move, on notice, for an order dismissing or suppressing the pleading of the delinquent party. . . . Unless good cause for other relief is shown, the court shall enter an order of dismissal or suppression without prejudice. Upon being served with the order of dismissal or suppression without prejudice, counsel for the delinquent party shall forthwith serve a copy of the order on the client by regular and certified mail, return receipt requested, accompanied by a notice in the form prescribed by Appendix II-A of these rules,

---

[1] In a "confidential appendix" submitted on appeal, plaintiff included additional documentation suggesting the item had been provided to CMMC.

specifically explaining the consequences of failure to comply with the discovery obligation and to file and serve a timely motion to restore. . . .

(2) With Prejudice. If an order of dismissal or suppression without prejudice has been entered pursuant to paragraph (a)(1) of this rule and not thereafter vacated, the party entitled to the discovery may, after the expiration of 60 days from the date of the order, move on notice for an order of dismissal or suppression with prejudice. The attorney for the delinquent party shall, not later than 7 days prior to the return date of the motion, file and serve an affidavit reciting that the client was previously served as required by subparagraph (a)(1) and has been served with an additional notification, in the form prescribed by Appendix II-B, of the pendency of the motion to dismiss or suppress with prejudice. . . . The motion to dismiss or suppress with prejudice shall be granted unless a motion to vacate the previously entered order of dismissal or suppression without prejudice has been filed by the delinquent party and either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated.

(3) General Requirements. . . . If the attorney for the delinquent party fails to timely serve the client with the original order of dismissal or suppression without prejudice, fails to file and serve the affidavit and the notifications required by this rule, or fails to appear on the return date of the motion to dismiss or suppress with prejudice, the court shall, unless exceptional circumstances are demonstrated, proceed by order to show cause or take such other appropriate action as may be necessary to obtain compliance with the requirements of this rule.

. . . .

8

(c) Motion to Compel. Prior to moving to dismiss pursuant to subparagraph (a)(1) of this rule, a party may move for an order compelling discovery demanded pursuant to R. 4:14, R. 4:18 or R. 4:19. An order granting a motion to compel shall specify the date by which compliance is required. If the delinquent party fails to comply by said date, the aggrieved party may apply for dismissal or suppression pursuant to subparagraph (a)(1) of this rule by promptly filing a motion to which the order to compel shall be annexed, supported by a certification asserting the delinquent party's failure to comply therewith.

"The rule imposes a duty on the motion judge 'to take action to obtain compliance with the requirements of the rule.'" Thabo v. Z Transp., 452 N.J. Super. 359, 369 (App. Div. 2017), (citing A&M Farm & Garden Ctr. v. Am. Sprinkler Mech. LLC, 423 N.J. Super. 528, 532 (App. Div. 2012)). In Thabo, we explained that Rule 4:23-5 "codified a two-step procedural paradigm that must be strictly-adhered to before the sanction of dismissal of a complaint with prejudice for failing to answer interrogatories or provide other discovery can be imposed." Ibid. (citing St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008)). Because neither the trial court nor defense counsel had complied with the procedural safeguards of the rule, we vacated the order dismissing the plaintiff's complaint with prejudice. Id. at 371.

Here, too, the trial court failed to assure the safeguards of Rule 4:23-5 were followed. There are particularly compelling reasons for enforcing the

9

rule's requirements. This case is a civil action for damages suffered by the victim of sexual assault while a patient in CMMC. CMMC employed the assailant. There is no dispute the assault occurred. The record establishes the trial court dismissed the complaint with prejudice when the only outstanding discovery was a demand for photographs on a cellular phone plaintiff no longer possessed.[2] Even if plaintiff possessed the photographs, it is difficult to conceive how CMMC – who owned and controlled the hospital room where its employee perpetrated the sexual assault – could have been significantly prejudiced by their non-production.[3]

The trial court's failure to address the procedural requirements of Rule 4:23-5, let alone assure they had been followed, constituted an abuse of its discretion in resolving plaintiff's discovery violations. Thabo, 452 N.J. Super. at 368. Consequently, we vacate the orders of dismissal as well as the order denying plaintiff's motion for reconsideration. We remand this matter for

---

[2] Although CMMC's counsel represented at oral argument that one medical document had not been provided, the record includes evidence to the contrary, and in any event, the ultimate sanction of dismissal with prejudice should not have been granted on a dispute that could have been easily resolved.

[3] During oral argument, the only prejudice CMMC's counsel could articulate was speculation that if somehow the arrangement of objects in the hospital room were not as plaintiff previously recalled, the inconsistency could affect her credibility at trial concerning the damages she has suffered.

A-3386-16T2

further proceedings consistent with this opinion. We suggest the trial court conduct a case management conference to address any outstanding matters and to schedule this case for trial.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3386-16T2