**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5372-18

RECOVERY MANAGEMENT
SOLUTIONS, LLC, Assignee
of AA Bail Bonds, Inc.,
and Ace Bail Bonds, Inc.,

      Plaintiff-Respondent,

v.

CORESTINE ANDERSON
and CODOZER ANDERSON,

      Defendants-Appellants.

_____

Submitted November 16, 2020 – Decided February 10, 2021

Before Judges Messano and Hoffman.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-0688-18.

Edward F. Christopher, attorney for appellants.

Saldutti Law Group, attorneys for respondents (Andrew P. Chigounis, on the brief).

PER CURIAM

Defendants Codozer and Corestine Anderson appeal from a June 28, 2019 Law Division order denying their motion for reconsideration of a March 29, 2019 order suppressing their answer with prejudice for failure to make discovery, under Rule 4:23-5. After denying reconsideration, the motion judge entered a judgment against defendants in the amount $13,040. Because we conclude the procedural history in this case failed to satisfy the intent of the procedural safeguards set forth in Rule 4:23-5, we reverse the order under review and vacate the suppression order and judgment, reinstate defendants' answers and affirmative defenses, and remand for further proceedings.

I

In April 2015, defendants' son, Duane Anderson, was arrested on a weapons charge in Long Branch. On Sunday, April 19, 2015, each defendant, without an attorney, executed a separate Promissory Note [-] Premium Plan Agreement (Note) in favor of Ace Bail Bonds of New Jersey, Inc.[1] (Ace) to secure a $200,000 bond to post for Duane's bail. Each Note listed the premium amount as $20,000, acknowledged a $6000 payment, and listed a premium balance of $14,000. Each Note further provided for monthly payments of $300

---

[1] It appears undisputed that Ace assigned the Note to plaintiff, Recovery Management Solutions, LLC, before plaintiff filed suit.

A-5372-18

and obligated defendants, upon default, to pay the balance and all costs of collection and attorney fees.

In answers to interrogatories, defendants alleged that a representative of Ace orally assured them, when they signed the Notes, that they would only be responsible for further payments[2] if Duane failed to make his court dates. Thereafter, Duane appeared in court as required and made payments[3] to Ace until he was incarcerated in February 2017. Defendants did not make any further payments.

According to plaintiff, from the outset of this matter through final judgment, defendants,

> willfully and repeatedly ignored the trial court's discovery orders and the Rules of Court, refusing to comply with discovery requests. As a result of their refusals to submit discovery responses, the Court struck defendants' answer without prejudice. Thereafter, in an act of leniency, the court issued a Case Management Order extending defendants time to respond to discovery. Defendants failed to provide written discovery and produce the parties for deposition pursuant to the terms of the Case Management Order. In fact, defendants failed to meet every deadline in the Case Management Order. Furthermore, after having

---

[2] Defendants made the initial payment of $6000.

[3] According to defendants, Duane made a total of twenty-three payments before he went to prison (twenty $400 payments, two $70 payments, and one $70 payment, for a total of $8690).

their Answer dismissed without prejudice, defendants ignored the notice requirements of the [Rule] 4:23-5.

After plaintiff filed a motion to dismiss defendants' pleadings with prejudice for failure to provide discovery, pursuant to R. 4:23-5(a)(1), the motion judge sent a letter to defendants' counsel advising that she adjourned the motion until "March 29, 2019, so that you may comply with R.4:23-5(a)(2)." The judge further advised,

> As the attorney for the delinquent party, you are required pursuant to R[ule] 4:23-5(a)(2) to file and serve an affidavit, not later than seven (7) days prior to the return date of the motion, reciting that your client was previously served as required by R[ule] 4:23-5(a)(1) after the entry of the above Order dismissing or suppressing the pleading without prejudice in the form prescribed by Appendix II-A, and has been served with an additional notification of the filing of the within motion in the form prescribed by Appendix II-B of the Rules of Court. . . . Please be advised that if the appropriate affidavit is not filed consistent with the rule, you will be subject to sanctions consistent with A&M Farm & Garden Ctr. v. American Sprinkler Mech., L.L.C., 423 N.J. Super. 528 (App. Div. 2012).

Defendants' counsel did not submit the required affidavit; in addition, he admitted to the court he did not "comply with the letter of the law" by sending his clients the required notices, referring to Appendix II-A and Appendix II-B. Notwithstanding this lack of compliance, the motion judge proceeded to dismiss defendants' pleadings with prejudice.

4

On April 18, 2019, defendants filed a motion for reconsideration. On June 28, 2019, the motion judge denied reconsideration. This appeal followed.

II

Rule 4:49-2 governs motions for reconsideration. The Rule serves a limited purpose aimed at permitting courts to correct their own mistakes:

> Reconsideration should be utilized only for those cases which fall into that narrow corridor in which either l) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence.
>
> [D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990); accord Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996).]

"The decision to deny a motion for reconsideration falls 'within the sound discretion of the [trial court], to be exercised in the interest of justice.'" In re Belleville Educ. Ass'n, 455 N.J. Super. 387, 405 (App. Div. 2018) (alteration in original) (quoting Cummings, 295 N.J. Super. at 384). "An abuse of discretion 'arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382

(App. Div. 2015) (quoting <u>Flagg v. Essex Cty. Prosecutor</u>, 171 N.J. 561, 571 (2002)).

In this instance, the motion judge denied plaintiffs' motion for reconsideration without addressing the court's obligations under <u>Rule</u> 4:23-5(a)(3); as a result, the judge's reconsideration decision, like her initial decision, rested on an impermissible basis.

<u>Rule</u> 4:23-5 establishes a two-step process that a party must follow to obtain an order dismissing or suppressing with prejudice the pleading of an adversary who has failed to make discovery. The moving party must first "move, on notice, for an order dismissing or suppressing the pleading of the delinquent party" without prejudice. <u>R.</u> 4:23-5(a)(1). If the court has not vacated an order of dismissal or suppression without prejudice, "the party entitled to the discovery may, after the expiration of [sixty] days from the date of the order, move on notice for an order of dismissal or suppression with prejudice." <u>R.</u> 4:23-5(a)(2).

<u>Rule</u> 4:23-5 contains procedural safeguards to bolster its main objective, which "is to compel discovery responses rather than to dismiss the case." <u>A &</u> <u>M Farm,</u> 423 N.J. Super. at 534. First, <u>Rule</u> 4:23-5(a)(1) provides:

> Upon being served with the order of dismissal or suppression without prejudice, counsel for the

delinquent party shall forthwith serve a copy of the order on the client by regular and certified mail, return receipt requested, accompanied by a notice in the form prescribed by Appendix II-A of these rules, specifically explaining the consequences of failure to comply with the discovery obligation and to file and serve a timely motion to restore.

Thereafter, the filing and service of the subsequent motion to dismiss or suppress with prejudice triggers additional safeguards. Rule 4:23-5(a)(2) provides:

> The attorney for the delinquent party shall, not later than 7 days prior to the return date of the motion, file and serve an affidavit reciting that the client was previously served as required by subparagraph (a)(1) and has been served with an additional notification, in the form prescribed by Appendix II-B, of the pendency of the motion to dismiss or suppress with prejudice. In lieu thereof, the attorney for the delinquent party may certify that despite diligent inquiry, which shall be detailed in the affidavit, the client's whereabouts have not been able to be determined and such service on the client was therefore not made. If the delinquent party is appearing pro se, the moving party shall attach to the motion a similar affidavit of service of the order and notices or, in lieu thereof, a certification as to why service was not made. Appearance on the return date of the motion shall be mandatory for the attorney for the delinquent party or the delinquent pro se party.

In addition to the obligations of the attorney for the delinquent party, Rule 4:23-5(a)(3) imposes obligations on the court:

7

> If the attorney for the delinquent party fails to timely serve the client with the original order of dismissal or suppression without prejudice, fails to file and serve the affidavit and the notifications required by this rule, or fails to appear on the return date of the motion to dismiss or suppress with prejudice, the court shall, unless exceptional circumstances are demonstrated, proceed by order to show cause or take such other appropriate action as may be necessary to obtain compliance with the requirements of this rule.

This judicial obligation "was designed as a fail-safe measure to ensure that the ultimate sanction is not needlessly imposed." A & M Farm, 423 N.J. Super. at 537. "The requirement that the court take 'appropriate action as may be necessary to obtain compliance' calls upon the court to exercise its inherent authority to make certain its decision to terminate the litigation is an informed one." Id. at 537-38 (quoting R. 4:23-5(b)(3)). Thus, in cases where "there is nothing before the court showing that [] litigant[s] ha[ve] received notice of [their] exposure to the ultimate sanction, the court must take some action to obtain compliance with the requirements of the rule before entering an order of dismissal or suppression with prejudice." Id. at 539. In addition, "the court must set forth what effort was made to secure compliance on the record or on the order." Ibid.

Here, defendants' attorney did not send his clients the required notice after their answer was suppressed without prejudice, nor did he send his clients the

required notice of plaintiff's motion to dismiss their pleadings with prejudice. Rule 4:23-5(a)(3) requires that the court to take action if the attorney for the delinquent party has not served that party with the order of dismissal or suppression without prejudice or fails to file and serve the notifications and affidavit required by the Rule.

Here, it is undisputed defendants' attorney did not comply with the requirements of Rule 4:23-5(a). As a result, Rule 4:23-5(a)(3) required the motion judge to take some action to obtain compliance with the requirements of the rule before entering the order of suppression. The judge was also required to set forth on the record or in the suppression order what effort was made to secure compliance. The judge did neither. The oversight is particularly troublesome in this case where defendant's attorney advised the judge that his clients "are two elderly people" who "signed documents . . . not knowing what they meant."

We conclude the motion judge misapplied her discretion when she failed to recognize and rectify her original error in imposing the ultimate sanction without first satisfying the judicial obligations imposed by Rule 4:23-5(a)(3). We vacate the suppression orders and the judgment and remand for further proceedings. We do so because defendant's counsel did not comply with the

9

requirements of <u>Rule</u> 4:23-5 and the motion judge failed to comply with her obligation under the <u>Rule</u>.

On remand, the trial court shall conduct a management conference within thirty-five days and then enter a discovery order specifying the remaining discovery needed and the deadlines for completion. Defendants will thus have explicit notice of their discovery obligations and the consequences of failing to discharge them in a timely manner. The merits of the cause of action pleaded in the complaint shall be decided following completion of discovery, by motion or at a trial.

Our opinion should not be read as precluding plaintiff from seeking fees or appropriate sanctions stemming from the motion practice necessitated by defendants' failure to provide discovery and the non-compliance of defendants' counsel with <u>Rule</u> 4:23-5. <u>See</u> <u>R.</u> 4:23-5(a)(3). The suppression orders and judgment are vacated. Defendants' answer is reinstated. This matter is remanded to the trial court for further proceedings consistent with this opinion.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION