**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0706-20

MIRAC SERT and SELINAY SERT,
infants by their mother YASEMIN
SERT,

      Plaintiffs-Appellants,

v.

ELAINE LOCONTE and
JOSEPH LOCONTE,

      Defendants-Respondents.

_____

Submitted November 17, 2021 – Decided December 7, 2021

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-3340-18.

Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, PC, attorneys for appellant (Lawrence M. Simon, on the briefs).

Law Offices of Nancy L. Callegher, attorneys for respondent (Michael A. Cassata, on the brief).

PER CURIAM

Plaintiffs Mirac Sert and Selinay Sert, "infants by their mother Yasemin Sert," appeal an order dismissing with prejudice their complaint for failing to appear for their court-ordered depositions. Because the motion judge abused his discretion by dismissing the case with prejudice while failing to follow the required procedural safeguards codified in <u>Rule</u> 4:23-5, we reverse and remand for further proceedings.

I.

On May 4, 2018, plaintiffs filed a complaint, alleging defendants' dogs had attacked and bit them when they were trick-or-treating at defendants' house on Halloween. On October 5, 2018, defendants filed an answer and served plaintiffs' counsel with interrogatories. On January 7, 2019, defendants moved to dismiss the complaint for failure to answer interrogatories. Defendants subsequently withdrew that motion.

According to defense counsel, he scheduled plaintiffs to be deposed on February 12, 2019, March 15, 2019, and June 18, 2019. Each time, plaintiffs' counsel adjourned the depositions. Accordingly, defendants moved to compel plaintiffs' depositions. The motion judge granted that unopposed motion on July

2

26, 2019, and ordered Mirac, Selinay, and Yasemin[1] to appear for their depositions on August 1, 2019.

Plaintiffs failed to appear for the court-ordered depositions. On August 26, 2019, defendants moved to dismiss the complaint without prejudice pursuant to Rule 4:23-5 based on their failure to appear. In a certification in support of the motion, defense counsel stated "plaintiff's office staff" had advised him plaintiffs had traveled out of the country and might not be available for several months. The discovery end date was August 1, 2019. A request had been made to extend the discovery period by sixty days. The motion judge granted the unopposed motion and dismissed the complaint without prejudice on September 13, 2019. The judge required plaintiffs to appear for deposition prior to moving to restore the complaint.

In a December 16, 2019 letter, plaintiffs' counsel advised defense counsel his "clients have returned to the United States. As a result we would like to schedule their depositions so that we can complete same and thereafter have the complaint reinstated by the [c]ourt." He asked counsel to provide "available dates for these depositions in January and February of 2020." On January 17, 2020, plaintiffs' counsel received a voicemail from someone from defense

_____

[1] We use their first names for ease of reading and mean no disrespect.

A-0706-20

counsel's firm.  According to a March 8, 2020 email, plaintiffs' counsel told his assistant "[c]lient is back and around for a while" and asked her to remind him "to return this call and pick a date for depositions," presumably referring to the January 17, 2020 call.  She reminded him in a March 11, 2020 email.  He responded by telling her he had left a message two days before and would try again later that day.

On September 16, 2020, defendants moved to dismiss the complaint with prejudice pursuant to Rule 4:23-5(a)(2).  In support of that motion, defense counsel certified "[a]ttempts were made with plaintiff's office to obtain the plaintiff's deposition to no avail" but did not describe what those efforts were.  He also asserted plaintiffs had not taken any action to be deposed or to restore the complaint since the dismissal without prejudice over a year ago.  He made no mention of plaintiffs' counsel's December 16, 2019 letter asking for deposition dates or of his firm's January 17, 2020 voicemail message to plaintiffs' counsel.

In opposition, plaintiffs' counsel submitted a letter brief in which he asserted plaintiffs were out of the country from May through early December of 2019 and that since then they had been "ready, willing, and able to appear for depositions from mid-December of 2019 until the time that COVID-19 affected

A-0706-20

us." He did not support those assertions with a certification or affidavit of someone with personal knowledge, like plaintiffs or their parents. See R. 1:6-6. To demonstrate defense counsel's certification about plaintiffs' lack of action was inaccurate, he attached to his opposition letter brief a copy of his December 16, 2019 letter to defense counsel asking for deposition dates, the notification of the January 17, 2020 voicemail message from defense counsel's firm, and the March 2020 emails between plaintiffs' counsel and his assistant about returning that call. He stated his "last voicemail to defense counsel's office was not returned, and due to COVID, this was not followed up on at our end, and likely not at defense counsel's end." Plaintiffs' counsel did not include in his opposition an affidavit (1) confirming he had served plaintiffs with a copy of the dismissal order, as required by Rule 4:23-5(a)(1), or the required "notice in the form prescribed by Appendix II-A" of the Rules of Court; or (2) certifying he was unable to serve plaintiffs with the order and notice because he could not determine their whereabouts "despite diligent inquiry." R. 4:23-5(a)(2).

Without conducting oral argument or requiring the presence of counsel on the motion's return day, the motion judge on October 16, 2020, granted defendants' motion and dismissed the complaint with prejudice. The court reasoned that (1) plaintiffs never took steps to vacate the September 13, 2019

order dismissing the complaint without prejudice and never filed a cross-motion to reinstate the complaint; and (2) no exceptional circumstances existed to preclude dismissing the complaint with prejudice.

Plaintiffs appeal that order, arguing the motion judge abused his discretion in dismissing the case with prejudice and contending exceptional circumstances precluded them from attending their court-ordered deposition.

## II.

Rule 4:23-5(c) allows a party to move to compel discovery demanded pursuant to Rule 4:14, which governs depositions on oral examination. If a court grants the motion and issues an order compelling the delinquent party's deposition and if the delinquent party fails to appear at the court-ordered deposition, the aggrieved party pursuant to Rule 4:23-5(c) may apply for dismissal under subparagraph (a)(1) of Rule 4:23-5. Subparagraph (a)(1) authorizes a court to dismiss a delinquent party's case without prejudice and requires counsel for the delinquent party to serve a copy of the dismissal order on his client, "accompanied by a notice in the form prescribed by Appendix II-A of these rules, specifically explaining the consequences of failure to comply with the discovery obligation and to file and serve a timely motion to restore."

A-0706-20

If the delinquent party fails to move to vacate the dismissal order and restore the complaint, sixty days after the date of the dismissal order the aggrieved party may move for dismissal with prejudice pursuant to subpart (a)(2) of Rule 4:23-5. Subpart (a)(2) requires the attorney for the delinquent party to "not later than 7 days prior to the return date of the motion, file and serve an affidavit reciting that the client was previously served as required by subparagraph (a)(1) and has been served with an additional notification, in the form prescribed by Appendix II-B, of the pendency of the motion to dismiss or suppress with prejudice." Alternatively, the attorney for the delinquent party "may certify that despite diligent inquiry, which shall be detailed in the affidavit, the client's whereabouts have not been able to be determined and such service on the client was therefore not made." R. 4:23-5(a)(2). Subpart (a)(2) requires the attorney for the delinquent party to appear on the return date of the motion. See Zimmerman v. United Servs. Auto. Ass'n, 260 N.J. Super. 368, 376 (App. Div. 1992) (finding "it is clear that if the client is afforded an opportunity to appear and if the attorney is mandated to appear, the motion is not subject to waiver of oral argument and consequent decision on the papers.").

The procedural requirements of Rule 4:23-5 "must be scrupulously followed and technically complied with." Thabo v. Z Transp., 452 N.J. Super.

A-0706-20

359, 369 (App. Div. 2017). The obligations of a delinquent party's counsel to file the required affidavit and appear in court are "non-waivable," id. at 371, and are "prerequisites to the entry of an order of dismissal with prejudice," Zimmerman, 260 N.J. Super. at 376.

A critical purpose of Rule 4:23-5's requirements is to ensure the delinquent party is aware of (1) "its derelictions and has the opportunity to correct them," Thabo, 452 N.J. Super. at 369; and (2) the order of dismissal without prejudice and its consequences, id. at 371. By requiring counsel to communicate that information to his or her client and ensuring the client is aware of the dangerous precipice on which he or she stands, Rule 4:23-5 encourages parties to comply with their discovery obligations, thereby enabling the determination of cases on their merits rather than their dismissal on procedural grounds. A&M Farm & Garden Ctr. v. Am. Sprinkler Mech. L.L.C., 423 N.J. Super. 528, 534 (App. Div. 2012); Zimmerman, 260 N.J. Super. at 375. Thus, "client notification . . . is at the heart of the dismissal with prejudice practice." Zimmerman, 260 N.J. Super. at 375. The requirements of Rule 4:23-5 "perform[] the valuable function of establishing a record for the benefit of court and counsel that a party has had requisite notice." A&M Farm & Garden Ctr., 423 N.J. Super. at 535.

If the attorney for the delinquent party "fails to timely serve the client with the original order of dismissal . . . without prejudice, fails to file and serve the affidavit and the notifications required by this rule, or fails to appear on the return date of the motion to dismiss . . . with prejudice," subpart (a)(3) of Rule 4:23-5 requires the court, "unless exceptional circumstances are demonstrated, [to] proceed by order to show cause or take such other appropriate action as may be necessary to obtain compliance with the requirements of this rule."  A court cannot simply decide the motion on the incomplete papers.  Without knowing whether the client has received the "protections afforded by the rule," the court is incapable of making an informed decision on the motion to dismiss with prejudice.  A&M Farm & Garden Ctr., 423 N.J. Super. at 538.

Judges are "entrusted to ensure" our discovery rules, which "are intended to create a level playing field for all litigants and promote the resolution of civil dispute on the merits[,] . . . are properly and fairly enforced."  Thabo, 452 N.J. Super. at 371.  To that end, a motion judge has a duty "to take action to obtain compliance with the requirements of" Rule 4:23-5.  A&M Farm & Garden Ctr., 423 N.J. Super. at 532.   Dismissing a case with prejudice without taking that required action is an abuse of discretion.  Id. at 534; see also Thabo, 452 N.J.

Super. at 368 (finding the court's "flagrant disregard of the procedural requirements of Rule 4:23-5" was an abuse of discretion).

The "salutary scheme" of Rule 4:23-5 "requires meticulous attention to its critical prescriptions, and particularly to those provisions which are intended to afford a measure of protection to the party who is faced with the ultimate litigation disaster of termination of his cause." Zimmerman, 260 N.J. Super. at 376-77. Those concerns are heightened when the impacted parties are minors. A.T. v. Cohen, 231 N.J. 337, 344 (2017) (recognizing "the protective care courts of this state have traditionally accorded the tort claims of minors"); see also Riemer v. St. Clare's Riverside Med. Ctr., 300 N.J. Super. 101, 110 (App. Div. 1997) (recognizing "[t]he law is solicitous of infants").

We appreciate and share in the frustration of the motion judge and defense counsel with the failures of plaintiffs and their counsel to participate in discovery and comply with the rules of discovery. That frustration and their failures do not justify the imposition on these minors of the "ultimate sanction" of dismissal with prejudice, Abtrax Pharm., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 514 (1995), or excuse the motion judge's failure to follow and require compliance with the essential procedural elements of Rule 4:23-5. By dismissing plaintiffs' complaint with prejudice without requiring plaintiffs'

10

counsel to submit the necessary affidavit, by allowing plaintiffs' counsel not to appear at oral argument, and by deciding the motion to dismiss with prejudice on the papers with no evidence plaintiffs had received the notice essential to Rule 4:23-5, the motion judge abused his discretion.  Accordingly, we reverse, the case is remanded, plaintiffs' depositions are to be scheduled, and plaintiffs' complaint is to be reinstated.

Reversed and remanded for proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION