**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3285-20

PETER CHIAROLANZIO
in his capacity as Executor
and Administrator of the
ESTATE OF ARLENE
CHIAROLANZIO and
PETER CHIAROLANZIO,
her husband, [1]

     Plaintiffs-Respondents,

v.

INGLEMOOR REHABILITATION
AND CARE CENTER OF LIVINGSTON,
LIVINGSTON CARE CENTER, LLP
and STEPHEN IZZO,

     Defendants-Appellants,

and

BARBARA FYFE, DANIEL MOLES,

---

[1] In this opinion, we refer to Arlene Chiarolanzio and her husband, Peter Chiarolanzio collectively as "plaintiffs," and Arlene Chiarolanzio individually as "plaintiff." Plaintiff died on July 26, 2019. As a result, on June 4, 2021, an amended complaint was filed to reflect that Peter Chiarolanzio, "in his capacity as Executor and Administrator," was pursuing the claims of plaintiff's estate.

DAVID MANDELBAUM, ELIEZER
MENDELSOHN, GERALD KORDE,
HERBERT HEFLICH, JACK
KAPLOWITZ, JANE LEVINE,
KAREN MENDELSOHN, and
RICHARD PINELES,

     Defendants.

_____

Argued December 15, 2021 – Decided January 26, 2022

Before Judges Hoffman, Geiger and Susswein.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3432-18.

Thaddeus J. Hubert, IV argued the cause for appellants (Goldberg Segalla, LLP, attorneys; Thaddeus J. Hubert, IV, of counsel and on the briefs).

Gary J. Grabas argued the cause for respondents (Bramnick, Rodriguez, Grabas, Arnold & Mangan, LLC, attorneys; Gary J. Grabas, on the brief).

PER CURIAM

By leave granted, defendants appeal from the May 28, 2021 Law Division decision, which vacated a previous order that dismissed plaintiffs' complaint with prejudice and permitted plaintiffs' husband to file an amended complaint. Finding no abuse of discretion, we affirm.

## I.

On May 15, 2018, plaintiffs filed a complaint against defendants alleging nursing malpractice. The complaint alleged that on June 13, 2016, plaintiff, while undergoing rehabilitation at defendant Inglemoor Rehabilitation and Care Center of Livingston, received negligent care and treatment that caused her to "sustain[] serious injuries as a result of a fall[,] including [a] severe peri-prosthetic femur fracture requiring open internal fixation."

When plaintiff failed to appear for an independent medical examination (IME) on September 18, 2019, defendants filed a motion to compel plaintiff's attendance at a rescheduled IME and to pay a "no-show" fee. The motion was unopposed and granted. On November 12, 2019, the date of the rescheduled IME, plaintiff's counsel sent defendants' attorney a letter advising that "plaintiff . . . is deceased."

Defendants then filed a motion to dismiss plaintiffs' complaint without prejudice on December 3, 2019. The motion went unopposed. Defendants then filed a motion to dismiss plaintiffs' complaint with prejudice on March 11, 2020. At this time, plaintiffs had not paid the IME "no-show" fee and had not moved to reinstate the complaint with plaintiff's estate as the named plaintiff. The court granted the unopposed motion on March 27, 2020.

A-3285-20

Eleven months later, plaintiffs' counsel filed a motion to vacate the court's March 27, 2020 order dismissing plaintiffs' complaint with prejudice and to reinstate plaintiffs' complaint, pursuant to Rule 4:50-1(f). The court denied plaintiffs' motion to vacate on March 19, 2021, because "[p]laintiff appears to be deceased and no administrator . . . has been appointed or substituted in for the plaintiff; the basis of the prior dismissal orders have not been cured, i.e. the no show fee and the expert reports." No oral argument was held. The court denied the motion without prejudice. Plaintiffs' counsel moved to file an amended complaint on April 30, 2021.

By the return date of the motion, plaintiffs' counsel had paid the no-show fee, provided an expert report, and identified plaintiff's estate as the party seeking to amend the complaint. Counsel for the parties presented oral argument on the motion to amend the complaint on May 28, 2021. During argument, the motion judge indicated he was treating plaintiffs' motion to amend the complaint as a "double barrel" motion to reinstate the case "as well as to amend the complaint." Based upon the supporting affidavit of plaintiff's counsel, which described serious health issues and the death of close family members, as well as other extenuating circumstances, the judge found "exceptional circumstances" to warrant that "the dismissal should be vacated." In addition,

the judge signed an order granting leave for the filing and service of an amended complaint "within fourteen days of the date of this order."

The motion judge reasoned that 1) defendants were not prejudiced "other than the mere passage of time"; 2) the rules are designed to "promote justice and are not a minuet that counsel dances to with the danger of a misstep"; and 3) "motions to amend should be liberally granted in the interest of justice." The judge concluded that exceptional circumstances existed to vacate the prior orders based on the "factual representations [of plaintiffs'] counsel."

Defendants sought leave to appeal, which this court granted on July 19, 2021.

On appeal, defendants argue that we should reverse the motion judge because "[p]laintiffs failed to show that they were entitled to relief under Rule 4:50-1(f)" and plaintiffs otherwise "lacked standing."

II.

"The trial court's determination under [Rule 4:50-1] warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an

impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571

(2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d

1260, 1265 (7th Cir. 1985)).

Rule 4:50-1 offers litigants a broad opportunity for relief from a final

judgment or order:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.
>
> [R. 4:50-1.] (emphasis added)

"Courts should use Rule 4:50-1 sparingly, in exceptional situations; the

Rule is designed to provide relief from judgments in situations in which, were it

6

A-3285-20

not applied, a grave injustice would occur." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 289 (1994).

The Court has opined that "[n]o categorization can be made of the situations which would warrant redress under subsection (f)" and, that its "very essence . . . is its capacity for relief in exceptional situations" where "its boundaries are as expansive as the need to achieve equity and justice." Ibid. (citation omitted). An applicant's right to relief under 4:50-1(f) depends on a totality of the circumstances, and the correctness or error of the original judgment is ordinarily an irrelevant consideration. In re Guardianship of J.N.H., 172 N.J. 440, 476 (2002). The movant must ordinarily show that the circumstances are exceptional, and that enforcement of the order or judgment would be unjust, oppressive, or inequitable. U.S. Bank Nat. Ass'n v. Guillame, 209 N.J. 449, 484 (2012). Motions to vacate pursuant to Rule 4:50-1(f) must be filed within a reasonable time. R. 4:50-2.

Defendants first contend that the motion judge abused his discretion when he entered his May 28, 2020 order allowing plaintiff's husband to file an amended complaint because the order does not vacate the prior dismissal with prejudice. This argument lacks merit as the judge made clear in his oral decision that he was vacating the previous order of dismissal. Where there is conflict

7

between a judge's written or oral opinion and a subsequent written order, the former controls. Taylor v. Int'l Maytex Tank Terminal Corp., 355 N.J. Super. 482, 498 (App. Div. 2002) (citing State v. Pohlabel, 40 N.J. Super. 416, 423 (App. Div. 1956)); see also State v. Warmbrun, 277 N.J. Super. 51, 58 n.2 (App. Div. 1994). Here, the judge stated during his oral decision that "the prior order should be vacated and the plaintiff be allowed to amend his complaint based upon the exceptional circumstances standard that this [c]ourt finds in fact has been satisfied, based upon factual representations [of] counsel. " The order's omission of explicit language vacating the prior dismissal with prejudice is therefore irrelevant. The trial court's oral decision effectively vacated the prior "with prejudice" dismissal. Accordingly, we reject defendant's argument that the trial court's order did not vacate the prior dismissal order.

Defendant next contends the motion judge abused his discretion in finding that exceptional circumstances existed. We disagree. The supporting certification of plaintiff's counsel recounted serious family health issues and personal problems that adversely impacted his ability to attend to the matter under review. These unfortunate circumstances were made worse by the impact of the Covid-19 pandemic. The record clearly sets forth the details of the facts and circumstances that led to the dismissal in this case. We need not repeat them

here.  We are satisfied the motion judge reasonably concluded that the record before him established exceptional circumstances allowing for relief under Rule 4:50-1(f).

The motion judge provided a rational explanation for his decision to afford plaintiff relief pursuant to Rule 4:50-1(f) – the serious personal and health issues that plaintiff's counsel experienced, which the pandemic only made worse.  We discern no indication that the trial court "departed from established policies[.]" Flagg, 171 N.J. at 571.  We know of no established policy that would require a judge to disregard the compelling circumstances recounted by plaintiff's counsel.  Lastly, we discern no indication that the judge's decision "rested on an impermissible basis" in granting relief under Rule 4:50-1(f).  Ibid.

Rule 4:50-1(f) requires a showing that enforcement of the judgment would result in a "grave injustice."  Hous. Auth. of Morristown, 135 N.J. at 289.  Here, enforcing the dismissal with prejudice due to the health issues and personal problems that plaintiff's attorney experienced would deprive plaintiff's husband an opportunity to adjudicate plaintiffs' claims on the merits. Enforcing the prior dismissal with prejudice therefore would result in a "grave injustice," ibid., allowing the invocation of "exceptional circumstances" pursuant to Rule 4:50-1(f).  We are satisfied the motion judge did not abuse his discretion in vacating

the prior dismissal and allowing plaintiff's husband to file an amended complaint.

In addition to affirming the motion judge's determination that "exceptional circumstances" warranted the vacating of the prior dismissal, we note the record contains an alternate basis for affirming the judge's decision – the lack of evidence of strict compliance with the requirements of Rule 4:23-5(a) before the dismissal order was entered in the first instance.

In A & M Farm & Garden Ctr. v. Am. Sprinkler Mech., LLC, 423 N.J. Super. 528, 540 (App. Div. 2012), we reversed an order issued pursuant to Rule 4:23-5(a)(2), that dismissed the plaintiff's action with prejudice. Basing our reversal on a failure to adhere to the notice requirements of Rule 4:23-5(a)(2), we held that

> when a court considers a motion to dismiss or suppress a pleading with prejudice, and there is nothing before the court showing that a litigant has received notice of its exposure to the ultimate sanction, the court must take some action to obtain compliance with the requirements of the rule before entering an order of dismissal or suppression with prejudice. Further, the court must set forth what effort was made to secure compliance on the record or on the order.

> [Id. at 539.]

In the present case, nothing indicates that plaintiff's husband received prior notice, either that defendants would make their dismissal-with-prejudice motion on March 27, 2020, or that the malpractice action against them could or would be dismissed with prejudice on that date. In cases where "there is nothing before the court showing that [] litigant[s] ha[ve] received notice of [their] exposure to the ultimate sanction, the court must take some action to obtain compliance with the requirements of the rule before entering an order of dismissal or suppression with prejudice." Ibid. In addition, "the court must set forth what effort was made to secure compliance on the record or on the order." Ibid. The record contains no evidence of any steps taken by the court to ensure that the notice requirements of Rule 4:23-5(a)(2) were met before dismissing this action with prejudice.

Any issues raised but not addressed lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-3285-20